# Kennon *v.* Wright, Frazier & Co.

*Bill in Equity by Heirs, for Account and Discovery as to Crops raised on their Lands, received and sold by Purchaser.*

1.  *Statutory lien on crops.*—The statutory lien on crops grown on rented lands attaches only when the relation of landlord and tenant exists (Code, §§ 3467 *et seq.*), and not where there is an implied liability for use and occupation, or where one of several tenants in common occupies and cultivates the entire premises.

2.  *Remedy of landlord, against purchaser of crops.*—When such statutory lien exists, the remedy of the landlord against a purchaser who, having notice of the lien, receives and converts the crop, is by special action on the case; and he can not maintain a bill in equity, when it is not shown that the remedy at law is inadequate.

3.  *Crops raised on lands of tenants in common, by husband of one of them.*—Where the husband occupies and cultivates lands which belong to his wife and her brothers and sisters as tenants in common, no trust or equity attaches to the crops after he has gathered and sold them, as in favor of the other tenants in common, which they can assert against the purchaser.

APPEAL from the Chancery Court of Bullock.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 4th October, 1880, by Charles A. Kennon and others, children and heirs at law of Mrs. Martha B. Kennon, deceased, against Thomas Millsap, the

[Kennon v. Wright, Frazier & Co.]

partners composing the firm of Wright, Frazier & Co., and several other persons; and sought a discovery and account of the crops raised on a certain tract of land in said county, during the years 1877 and 1878, which were alleged to have been received and sold by said Wright, Frazier.& Co., and the proceeds converted to their own use. The tract of land belonged to Mrs. Martha B. Kennon during her coverture with Richard W. H. Kennon, and were held as her statutory estate. Mrs. Kennon died, intestate, in August, 1875; and her said husband died in August, 1877. After the death of Mrs. Kennon, her husband continued to reside on the lands, with his children, and cultivated them; and in March, 1877, being indebted to Wright, Frazier & Co. for advances made during former years, and desiring to procure additional advances during the year 1877, he executed a mortgage conveying to them his entire crop of that year, with certain personal property, to secure the payment of such indebtedness and advances. On the death of said Kennon during the year, Thomas Millsap, who had married one of his daughters, took possession of the land, continued the cultivation of the crops, gathered them, and delivered them to said Wright, Frazier & Co., to be applied in payment of the mortgage debt, and advances which he had received from them. The crops were sold by Wright, Frazier & Co., with the personal property conveyed by the mortgage, and the proceeds applied on the debts mentioned, leaving a balance unpaid. The lands were again cultivated by Millsap during the year 1878; and in order to obtain additional supplies during the year, as well. as to secure the unpaid balance of the old debt, he executed to Wright, Frazier & Co. a crop-lien note and mortgage. The crops raised during the year 1878 were also delivered to said Wright, Frazier & Co., who sold them, and applied the proceeds as a partial payment on their debt; and in their answer to the bill they stated particularly all the items relating to these matters of accounts. Millsap, in his answer, alleged that he so took possession and cultivated the lands in right of his wife's interest, and for the protection and benefit of the complainants, who were then infants, and who were supported, educated and clothed by him, during the years he so cultivated the lands, partly with the moneys obtained by him on the credit of the crops, and partly with his private means; and he asked that his answer might be taken as a cross-bill, that an account might be taken of these matters, and that the complainants' indebtedness to him might be set off against his liability to them on account of the rent of the lands, or the crops raised thereon. As to these matters, Wright, Frazier & Co. adopted the answer of Millsap. On the filing of Millsap's answer, the complainants entered of record a waiver of all right to relief against him,

[Kennon v. Wright, Frazier & Co.]

saying that they elected not to charge him with any thing whatever. The cause being then submitted on bill and answer, with the exhibits thereto, the chancellor dismissed the bill; and his decree is now assigned as error.

ARRINGTON & MORRISSETT, for appellants.

N. B. FEAGIN, and J. T. NORMAN, *contra.*

BRICKELL, C. J.—The relation existing between the appellants and Mrs. Millsap was that of tenants in common of the lands on which the crops were grown. As husband and trustee, Millsap was entitled to the possession, and bound to the management and control of the wife's lands, taking the rents and profits, without liability to account to the wife, or her representatives. Having taken possession, used and occupied the entire premises, a liability to account to the co-tenants of the wife, for their respective shares of the rents and profits, it may be rested upon him. The possession not having been taken, the use and occupation not being acquired, or continued, by contract, no lien on the crops grown on the premises would result to the co-tenants. The lien given by the statute attaches only when the relation of landlord and tenant exists.—*Tucker v. Adams*, 59 Ala. 254. If such lien had existed, the remedy against a purchaser from the tenant, who, with notice of it, removed and converted the crops, is by an action on the case, and not by bill in equity, no fact or circumstance being averred, rendering the remedy at law inadequate.—*Hussey v. Peebles*, 53 Ala. 432.

Nor is there, as seems to be supposed by the draughtsman of the bill, any trust, or equity, attaching to the crops grown on the lands, resulting from the fact that the lands were held in common, or because the legal estate resided in the appellants and Mrs. Millsap. When the crops were severed from the freehold, and removed from the premises, title to them in Millsap was complete, and his power of disposition was not fettered by any trust or equity resting in the appellants.

We find no error in the decree of the chancellor, and it is affirmed.