CHARLES HAUSE *vs.* LODOWIC D. HAUSE, impleaded, etc.

June 22, 1882.

**Tenants in Common — Action for Rents and Profits — Inconsistent Causes of Action.**—Plaintiff brings this action to recover his just proportion of rents and profits of land which he and defendants own as tenants in common, and of which defendants have been in possession and cultivation during the years 1878 and 1879. The complaint appears also to have been framed with reference to a recovery for rent upon the basis that, by agreement, the relation of landlord and tenant had existed between plaintiff and defendants in 1878 and 1879. *Held,* that the two causes of action being inconsistent, plaintiff was properly compelled to elect for which cause he would proceed.

**Same — Use of Entire Property by One.**—*Kean* v. *Connelly,* 25 Minn. 222, followed and applied as to the rule that one tenant of real property cannot recover from his cotenant on account of the appropriation by the latter to his own use of the products of the common property used and possessed by him, when there is no agreement between the parties making the latter liable to the former on account of such appropriation, and the latter has not excluded the former from the enjoyment of the common property. The circumstance that the tenant who has received such products has sold any part of the same is not important.

Appeal by plaintiff from an order of the district court for Ramsey county, *Brill, J.,* presiding, refusing a new trial.

*Mead & Rotert,* for appellant.

*J. N. Searles* and *R. J. Reid,* for respondent.

BERRY, J.   Plaintiff and defendant Lodowic own certain lands as tenants in common. Lodowic having been in possession and cultivation of the same during the years 1878 and 1879, plaintiff brings this action to recover his just proportion of the rents and profits, under Gen. St. 1878, c. 75, § 43. The complaint appears to have been framed with reference also to a recovery for rent, upon the basis that, by agreement, the relation of landlord and tenant had been created between plaintiff and defendant Lodowic as respects plaintiff's undivided third during the years 1878 and 1879. Upon the trial, and upon defendant's motion, plaintiff was compelled to elect whether

he would proceed under the statute mentioned, or under the other aspect of his complaint. He elected, with a protest, to proceed under the statute.

It appears to us that it was entirely proper for the trial court to order the election. Only one of the theories of the complaint could be correct. If the parties were landlord and tenant, then Lodowic's liability was for rent proper, and not under the statute. If there was a liability under the statute, then there was none under any relation of landlord and tenant. The two theories were, therefore, inconsistent, and hence it was more than proper that plaintiff should abandon one of them. If the facts turned out to be of such a character that the plaintiff could have recovered as Lodowic's landlord, (upon which we express no opinion,) it was a misfortune to have elected to proceed upon another basis, but a misfortune of which the plaintiff can hardly complain, since the election was his own.

The learned judge by whom the case was tried below finds that during the years 1878 and 1879, defendant Lodowic had sole possession and use of the whole of the common lands, and cultivated the same, raising thereon large crops of grain, hay, and other products, all of which he appropriated to his own use by using a portion thereof and selling the remainder, and that he refuses to account for or deliver to plaintiff any of the same or of their proceeds. It is also found that defendant Lodowic "did not hinder the plaintiff from entering upon, using, or enjoying any part" of the common lands during the years 1878 or 1879. These findings are not only abundantly supported by the testimony, but the testimony on both sides, when fairly considered, concurs in their support.

Upon these findings this case is ruled by *Kean* v. *Connelly*, 25 Minn. 222, and the authorities there cited, all to the effect that one tenant of real property cannot recover from his cotenant on account of the appropriation by the latter to his own use of the products of the common property used and possessed by him, where there is no agreement between the parties making the latter liable to the former on account of such appropriation, and the latter has not excluded the former from the enjoyment of the common property. In *Kean* v. *Connelly* it did not appear (as it does in this case) that the defendant

had sold any part of the products of the common land; but that circumstance, as a reference to the authorities cited will show, is not important. This disposes of the case as it was disposed of by the trial court in its finding and judgment—in favor of defendant and against plaintiff's right of recovery. In this view of the case and its result, the findings as to the value of the crops, the manner of disposing of them, the improvements made by defendant Lodowic, the payment of taxes, etc., became utterly immaterial. The evidence upon which they are based is equally immaterial, and it is quite clear that it could have had no bearing upon the material findings, and that its admission, therefore, furnishes no ground for a new trial.

Judgment affirmed.