## HAMBY v. WALL.

TENANTS IN COMMON: *Liability to each other for rents.*
  The sole use and enjoyment of the common property by one tenant in common does not create the relation of landlord and tenant between him and his co-tenant, nor render him liable to the co-tenant for rents, whether the property be realty or a chattel.

APPEAL from *Logan* Circuit Court.
Hon. R. B. RUTHERFORD, Judge.

*T. C. Humphry*, for appellant.

The rule of recovery in this cause is what the testimony shows the use of a half interest was worth for the year 1884–5. It was error to instruct the jury that appellee could run the gin in his own way and be liable to appellant only for half the net proceeds, thus enforcing a partnership on appellant. Appellant was entitled to recover the value of his one-half interest, and the only question for the jury was, what was it worth ?

The court erred in its instructions to the jury. *Mansf. Dig., sec. 4169; 27 Ark., 55; 25 ib., 134.*

COCKRILL, C. J. There is no dispute about the facts which control the determination of this controversy. The parties were tenants in common in the ownership of a cotton gin with the usual running gear and appurtenant fixtures. The defendant was lawfully in possession, and at no time denied the right of his co-tenant to enjoy the common property with him. He insisted upon remaining in possession of his own interest and reaping the benefit to be derived from it. He offered, however, to let the plaintiff in to operate the gin with him upon an equal footing. He offered also to run it one-half the time, and turn it over to the plaintiff for his exclusive use the other half, either by taking it week by week about; month about, or in any other way. The plaintiff declined all his overtures, but insisted that if the defendant operated the gin he should pay him rent for his individual interest. The defendant refused to accede to any terms looking to the payment of rent, but ran the gin at his individual expense for the use of the public, and received tolls in payment. When he had operated it a few weeks the plaintiff instituted this suit against him before a justice of the

peace. In the circuit court and here he has treated his action as one to recover for the use and occupation of lands. It is not certain from the record, whether the common property is a part of realty occupied by the parties as tenants in common, or whether it is legally separated from the freehold and only a chattel. But in neither event would the plaintiff be entitled to recover.

The jury found, in effect, that the defendant made no profit by operating the gin; and (treating it as the appellant does, as realty), it is a well settled principle of the common law, that the mere occupation by a tenant of the entire estate does not render him liable to his co-tenant for the use and occupation of any part of the common property. The reason is easily found. The right of each to occupy the premises is one of the incidents of a tenancy in common. Neither tenant can lawfully exclude the other. The occupation of one so long as he does not exclude the other, is but the exercise of a legal right. If for any reason one does not choose to assert the right of common enjoyment, the other is not obliged to stay out; and if the sole occupation of one could render him liable therefor to the other, his legal right to the occupation would be dependent upon the caprice or indolence of his co-tenant, and this the law would not tolerate. *4 Kent Com.\* 369; Freeman on Co-tenancy, sec. 258; Evarts v. Beach, 31 Mich., 136; Israel v. Israel, 30 Md., 120; Fielder v. Childs, 72 Ala., 567; Hause v. Hause, 29 Minn., 252; Reynolds v. Wilmeth, 45 Iowa, 693; Pico v. Columbet, 12 Cal., 414; Becknel v. Becknel, 23 La. An., 150.*

The appellant relies upon the statute of the state which gives to landlords the right to recover a reasonable compensation for the use and occupation of their premises. *(Mansf. Dig., sec. 4169; Byrd v. Chase, 10 Ark., 597; Mason v. Delancy, 44 Ark., 444)*. But the statute has no application

to the occupancy of tenants in common.  In the absence of an agreement to pay rent, the relation of landlord and tenant does not exist between them, but each occupies in his own right.  There is therefore, no implied promise to pay for the use of any part.  Authorities *supra*.  But our statutory remedy for use and occupation of lands applies only when the relation of landlord and tenant exists.  *Mason v. Delancy, supra*.  The plaintiff's action presupposes a promise to pay rent; otherwise the justice before whom it was instituted could not have entertained jurisdiction. But there was in fact no promise express or implied.  If the property could be regarded as personalty, the rule as to the possession of the parties would not be different. *Coke Litt., sec. 323; Freeman Coten., sec. 245; Bertrand v. Taylor, 32 Ark., 470.*

In no view of the matter has the appellant shown a right to recover, and the judgment of the court is affirmed.