Catharina Zapp, Respondent, *v.* Charles J. Miller, Appellant.

In an action to set aside transfers of a moiety of certain real estate on the ground of undue influence and fraud, the court found for the plaintiff. The written decision, after finding the facts stated, as a conclusion of law, among others, that plaintiff was entitled to judgment, requiring defendant to account for all his dealings with and transactions in regard to the property and pay plaintiff what, if anything, shall appear on the taking of said accounts to be due her. A judgment was entered upon the decision, which contained a provision referring it to a referee named to take the account and report to the court. This judgment was signed by the trial judge. Upon appearing before the referee defendant's counsel objected to the proceeding on the ground that all that part of the interlocutory judgment, not specified in or which went beyond the judgment directed to be entered by the decision of the trial judge, was unauthorized and void. The objection was overruled and defendant

excepted. The reference proceeded and a final judgment was entered upon the report of the referee, which the General Term modified in one particular and affirmed as modified. Defendant's notice of appeal from judgment of the General Term states that he also appeals from the intermediate order of the General Term affirming an order of the Special Term, denying defendant's motion to set aside and vacate the interlocutory judgment above mentioned. The record did not contain any such order of the Special Term, or any papers upon which such motion was made, or any General Term order of affirmance. *Held*, that this court could not review the intermediate order alleged to have been appealed from; that the interlocutory judgment was a mere amplification or carrying out of the decision; that the appointment of a referee by the trial judge was a natural consequence of his decision and was authorized thereby, and being contained in the interlocutory judgment was a perfect authority to the referee.

*Clapp* v. *Hawley* (97 N. Y. 610), distinguished.

A trial judge does not lose the power to order a reference and to name the referee by omitting to do it in the decision, so long as the decision clearly and evidently contemplates the stating of an account between the parties, and the judgment appointing a referee strictly carries out the decision made.

The land in question was devised to plaintiff and defendant jointly, subject to a life estate. The defendant was charged with rent for the portion of the property occupied by him after plaintiff's conveyances to him. *Held*, no error; that if plaintiff and defendant were tenants in common of the property the former, having been induced to leave the premises by the fraud and undue influence of the latter, was ousted and could have maintained an action of ejectment and an action to recover the mesne profits.

*Woolever* v. *Knapp* (18 Barb. 265); *Dresser* v. *Dresser* (40 id. 300); *Roseboom* v. *Roseboom* (15 Hun, 309); *Henderson* v. *Eason* (9 Eng. L. and Eq., 337), distinguished.

It appeared that defendant had paid taxes upon the property during the life-time of the tenant for life. *Held*, that the amount so advanced was not chargeable to plaintiff.

(Argued March 9, 1888; decided March 20, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made March 15, 1885, which modified, and affirmed as modified, a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the material facts are stated in the opinion.

*A. R. Dyett* for appellant.   By the will of Adam Mueller
the real estate was devised for life directly to his wife.
(*Smith* v. *Post*, 2 Edwd. Ch. 570; 20 Wend. 53, 55.)
The executrix had only a naked power of sale and the land
descended to the devisees, subject only to its execution.
(1 R. S. 729, § 56; 2 Hill, 569; 30 Barb. 524; 7 Bosw. 236;
42 Barb. 578; 1 Redf. 431.)   The executors had no estate or
any power over or right to interfere with the land or with the
rents and profits.   (*Kinnier* v. *Rogers*, 42 N. Y. 531; 7 Paige
544.)   The plaintiff and defendant, under the will, took a
remainder in fee as tenants in common, and that remainder
was vested in interest, but not in possession.   (2 Den. 336;
2 Hill, 554; 52 N. Y. 118.)   The defendant was the guardian
of the plaintiff under the will of her father, and as such he
had no right to interfere with this vested remainder.   (1 Johns.
Ch. R. 561; 7 Wend. 45; 6 Paige, 390, 399; 59 Barb. 197,
199; 39 How. Pr. R. 41–45; 11 Barb. 22, 25; 10 Paige, 235,
239; 1 Lansing, 214.)   He had a right only to receive the
rents and profits of her real estate.   (63 Barb. 271; 6 Weekly
Dig. 69; 1 Redf. 150, § 123; 11 Barb. 22, 25.)   Courts of
equity recognize and enforce equitable liens where the party
claiming such a lien has no legal lien but ought, in justice, to
be paid out of the property or fund in question.   (Story's
Eq. Juris. [12th ed.], §§ 1234–1238; *Perry* v. *Board, etc.*,
1 N. Y. State R. 169, 172.)   As tenant in common of the
remainder in fee the defendant had a right to pay the taxes,
interest and assessments in question for the protection of the
common estate, and the plaintiff is liable to him for her half
and was entitled to credit for it on the accounting.   (*Han-
nah* v. *Osborn*, 4 Paige, 336, 343, 344.)   The court erred in
charging the defendant with rent of the apartments occupied
by him February 7, 1883, to June 1, 1884.   (9 Hun, 388,
390, 391; 15 id. 309–316; affirmed 81 N. Y. 356; 18 Barb.
265; 48 id. 327.)   After signing the decision the judge had
no authority to authorize the entry of a judgment, adding to
or varying that specified in the decision.   (*Clapp* v. *Hawley*,
97 N. Y. 610, 614, 615.)

*George Bliss* for respondent. An accounting being required the uniform practice of the court demanded that it should be before a referee, and that the referee should be named by the court. This was an inherent power of the court. (*Gillett* v. *Staples*, 16 Hun, 587; *Dickinson* v. *Van Tyne*, 1 Sand. 724; *Hathaway* v. *Russell*, 45 N. Y. Supr. Ct. 538; *Central Trust Co.* v. *N. Y. City & N. R. R. Co.*, 18 Abb. N. C., 381, 409, 410; *King* v. *Barnes*, 9 Cent. R. 720.) It was the duty of the guardian to guard the inheritance of his ward; to prevent by every means in his power any waste of such inheritance. (*Tidenberg* v. *Ely*, 90 N. Y. 257, 263, 264; *King* v. *King*, 41 N. Y. Supr. Ct. 516; *Carnes* v. *Chaubert*, 3 Edw. Ch. 312; *Torrey* v. *Black*, 58 N. Y. 185.) A guardian cannot do any act that shall work injury to the ward. (*Johnson* v. *Spears*, 10 Johns. 435, 441.) A failure by a tenant for life to pay interest on incumbrances and taxes is waste. (*Wade* v. *Malley*, 16 Hun, 226.) The guardian should not have made such payments without proper application to the court and obtained an order therefor. (*Richard's Case*, 15 Abb. [N. S.], 6.) A guardian cannot and ought not to incur an indebtedness for his ward. (*Smith* v. *Bixby*, 5 Redf. 197; 2 R. S. 153, chap. 8, title 3.) He should have compelled by suit the payment of the taxes and interests from rents and income of the property in question by the life tenant, had she ever been neglectful in these payments, or wilfully diverted them and appropriated the same to her own use. (*Tidenberg* v. *Ely*, 90 N. Y. 257; *King* v. *King*, 41 N. Y. Supr. Ct. 516; *Carnes* v. *Chaubert*, 3 Edw. Ch. 312; *Torrey* v. *Black*, 58 N. Y. 185.) The conclusion of law that the release and deeds should be adjudged void and be canceled is correct. (*Cowee* v. *Cornell*, 75 N. Y. 91, 99; *Sears* v. *Shafer*, 6 id. 268; *Powers* v. *Powers*, 48 How. 39; *Whelan* v. *Whelan*, 3 Cow. 537, 576; *Brice* v. *Brice*, 5 Barb. 533; *Brand* v. *Brand*, 39 How. 193, 266; *Graves* v. *Waterman*, 63 N. Y. 657; *Fulton* v. *Whitney*, 66 id. 548, 555; *Van Epps* v. *Van Epps*, 9 Paige, 237; *Crane* v. *Mitchell*, 1 Sand. 251; *Boerum* v. *Schenck*, 41 N. Y. 182; *Terwilliger* v. *Brown*, 44 id. 237; *Torry* v. *Bk. of*

*Orleans*, 9 Paige, 649, 663; affirmed 7 Hill, 260; *Gardner*
v. *Ogden*, 22 N. Y. 327, 343; *Dobson* v. *Racey*, 3 Sand. 60;
*Wheelock* v. *Stewart*, 28 How. 89; *Gale* v. *Wells*, 12 Barb.
84; *Taylor* v. *Taylor*, 8 How. (U. S.), 183; *Bergen* v. *Udall*,
31 Barb. 9.)

PECKHAM, J.  This action was brought to set aside four
several deeds executed by the plaintiff to defendant, conveying
lands in New York, on the alleged ground of fraud and undue
influence on the part of the defendant.  The trial resulted in
a finding by the court, before whom it was tried without a jury,
in favor of the plaintiff; and in the written decision of the
court, after a statement of the facts found, there is contained
a statement of the conclusions of law, the second conclusion
being in the following language : "*Second.* That plaintiff is
entitled to judgment; that the defendant account for all his
dealings with and transactions in regard to the property of this
plaintiff, and that he be adjudged to pay to this plaintiff what,
if anything, shall, upon the taking of said accounts, appear to
be due her, said plaintiff.  Let judgment be entered accord-
ingly, with costs to the plaintiff."  This decision was signed
by the justice trying the case.  Judgment was entered upon
it which contained a provision referring it to a referee therein
named to take the account and report to the court thereon.
This judgment was also signed by the trial judge.  Pursuant
to its provisions the reference was had, and upon appearing
before the referee the counsel for defendant objected to the
proceeding, as the case states, because all that part of the inter-
locutory judgment not specified in or going beyond the judg-
ment directed to be entered by the decision of the judge who
tried the cause was unauthorized and void.  The objection
was overruled and defendant excepted.  The reference pro-
ceeded and upon the report of the referee a final judgment
was entered which was modified in one particular by the Gen-
eral Term, and, as modified, affirmed.  The defendant then
appealed from the judgment of the General Term to this court,
and in the notice of appeal his attorney stated that he also

appealed from the intermediate order of the General Term affirming an order of the Special Term denying defendants motion to set aside and vacate the interlocutory judgment above mentioned.

This is the only evidence before this court that any motion was ever made to set aside the interlocutory judgment, as there is not contained in the record before us any order of the Special Term denying the motion or any order of the General Term affirming such denial, nor are there any papers upon which such motion was made. We could not review an order which does not appear in the record and in regard to which no papers are found therein, although the notice of appeal to this court assumes their existence. But we think that the interlocutory judgment was a mere amplification or carrying out of the decision of the trial judge who held therein that the defendant must account for his dealings and pay the sum that should appear upon the taking of the accounts to be due the plaintiff; and the appointment of a referee by the court who tried the cause, was a natural consequence of his decision, and being contained, as it was, in the interlocutory judgment, also signed by him, was a perfect authority to the referee and was authorized by the decision of the judge. The case cited by the learned counsel for defendant of *Clapp* v. *Hawley* (97 N. Y. 610), is scarcely so broad as claimed by him. In that case the defendant made a motion at Special Term to compel plaintiff to accept a notice of appeal from a judgment. It was denied by the Special Term, and, upon appeal, that order was reversed by the General Term, and the plaintiff appealed here. The judgment was a final one, and, as entered, had been signed by the judge who rendered the decision. A copy of the judgment, but without the signature of the judge, was served on the defendant and the question arose whether there had been a regular service of a copy of the judgment, for if there had the appeal was too ·late. This court held that the signature of the judge to the final judgment was no part thereof, and that it needed no signature, and that the decision was the only authority for the judgment, which must conform to the

decision. But here there was an interlocutory judgment to be entered by virtue of the decision of the judge trying the cause, for the decision contemplated an accounting, and the referee to take and state the accounts and report to the court could have been named in the decision, or, as we think, by the court in the interlocutory judgment to be entered upon it. The trial judge did not lose his power to order the reference and to name the referee by omitting to do it in the decision, so long, at least, as the decision clearly and evidently contemplated the stating of an account between the parties, which is almost universally taken by a referee, and the judgment appointing him was strictly carrying out the decision which was made.

We have no doubt of the regularity of the proceedings so far as this point is concerned.

The next point made by the defendant's counsel is, that the courts below erred in charging the defendant with the rent of the rooms occupied by him after the execution and delivery of the deeds to defendant by the plaintiff, because, as he says, assuming the deeds were void, the parties were then tenants in common of the real estate, and there being no agreement to pay rent he was not liable to his co-tenant for his mere use of the common property. The counsel cites a number of cases holding that the mere occupation by one of several tenants in common of an estate does not make the occupant liable to his co-tenant for the rent of the premises. Such are the cases of *Woolever* v. *Knapp* (18 Barb. 265); *Dresser* v. *Dresser* (40 id. 300); *Roseboom* v. *Roseboom* (15 Hun, 309). These cases refer to the leading one of *Henderson* v. *Eason* (9 Eng. L. and Eq. 337), where such a proposition was decided, and there is no doubt of its correctness. But that case, and all the others resting upon it, contains the qualification that the other tenants shall not be excluded or ousted from the possession of the premises or their title denied, in which event the other tenants may maintain ejectment to recover possession and then an action to recover the mesne

profits. (1 Co. Litt. 784; 4 Bac. Abr., title Joint Tenants L. 518.) And in order to prove an ouster it is not necessary to prove a violent ejectment, or as one of the cases has it, it is not necessary to prove the party was set out by the shoulders. It may be inferred from circumstances. (*Doe ex dem. Fishar* v. *Prosser,* 1 Cowp. 217; *Hornblower* v. *Reed,* 1 East, 568; *Goodtitle* v. *Tombs,* 3 Wils. 118, cited in 1 Coke, 906; 4 Kent m. p. 370, note *a.*)

Obtaining title to the whole property held in common, by virtue of fraud and undue influence practiced on the co-tenant, who thereupon leaves the premises is, as we think, an ouster of such co-tenant and would enable him to bring ejectment. There is no question raised here as to the form of the action, and under our liberal system of pleadings and the abolition of forms of actions, there was enough shown to render it proper and right in this action to charge the defendant with the rent under the modified judgment of the General Term.

The remaining question as to the taxes paid by the defendant during the lifetime of the tenant for life, was properly decided. The proof is undisputed, and it is sufficient to show that he paid such taxes as an accommodation and loan to the life tenant who was the defendant's mother, and who, of course, was liable to pay and keep down the ordinary taxes levied upon the property. Failing to recover from her the amount he advanced to her, or on her account, he cannot charge any portion of that amount so paid by him to the plaintiff herein.

The judgment should, therefore, be affirmed, with costs.

All concur.

Judgment affirmed.