## STEPHENSON *et al. v.* COTTER *et al.*

*(Supreme Court, Special Term, Monroe County.   February, 1889.)*

1. JUDGMENT—LIEN.
   Though the lien of a judgment on the interest of one of several heirs in land descending after its recovery expires at the end of 10 years from its docketing, (Code Proc. N. Y. § 282; 2 Rev. St. 359, § 4,) yet it continues, as against the judgment debtor and his heirs, a legal, and not merely an equitable, lien.

2. SAME—PARTITION.
   But in partition between the heirs, to which the judgment creditor is not a party, it is not necessary that the final judgment contain any statement as to the *status* of such judgment, as such statement would have no force.   .

3. PARTITION—BY JUDICIAL PROCEEDINGS.
   Where the decision and interlocutory judgment in partition between heirs follow a stipulation as to an allowance of a claim of one of the heirs for services to decedent, it is proper, on a subsequent reference to ascertain the amount of the claim, to refuse to allow for services before the time for which allowance is made by the interlocutory judgment.

4. SAME—EVIDENCE.
   Where an heir took decedent from the poor-house, and cared for him before an offer by decedent's committee to pay her for caring for him was made, and she testified that she did not accept the offer, and the evidence of the price fixed for her services is indefinite, she is properly allowed for their true value, instead of a smaller sum offered to be paid by the committee.

5. SAME—INTEREST.
   Interest on such claim should be disallowed.

6. SAME—EVIDENCE.
   A judgment by such heir against the administrator is not evidence in the partition suit.   .

7. TENANCY IN COMMON—ADVERSE POSSESSION.
   A tenant in common, holding adversely to his co-tenant, is chargeable with the rents and profits.[1]

8. SAME—IMPROVEMENTS—PARTITION.
   A tenant in common, who, thinking that she is the sole owner of the premises, builds a house on them solely for her own convenience, the house not being necessary for the protection or preservation of the property, cannot be allowed for the expense as for permanent improvements, but on actual partition the part on which the house stands may be set off in her share.

9. PARTITION—SALE.
   A sale can be ordered only where actual partition cannot be made without great prejudice to the owners.   That all the parties are insolvent is not a reason for directing a sale.

10. SAME—COSTS.
    Where one of the defendants in partition unsuccessfully claims the entire land, and recovers on a claim made by her only because plaintiffs stipulated to allow it, and all the issues raised by the pleadings are found in plaintiffs' favor, such defendant is not entitled to costs, but plaintiffs should have costs, and the additional allowance, under Code Civil Proc. § 3253, proportioned among the defendants, as provided in such case by section 1559, and the judgment may provide that the costs charged against such defendant be set off against her claim.

---

[1] Respecting the rights of tenants in common *inter se*, in general, see Rich v. Rich, 2 N. Y. Supp. 770, and note; Moon v. Jennings, (Ind.) 20 N. E. Rep. 748; Belknap v. Belknap, (Iowa,) 41 N. W. Rep. 568, and note.

On motion for final judgment on referee's report after interlocutory judgment.

Action by John Stephenson and others against Margaret Cotter and others for partition of premises, late the property of Arthur Stephenson, who died April 23, 1877. On September 23, 1873, an alleged deed of the premises by decedent to defendant George Stephenson was made, and on April 30, 1883, George gave a deed of the premises to defendant Margaret Cotter, to whom, also, the premises were sold on execution as the property of George, but the deed to George was held void in the decision herein because of the insanity of decedent, and the deed of George to Margaret Cotter, and the execution sale, were held to convey George's interest only. On May 31, 1881, certain tax-deeds of the premises were executed to defendant Menzo Van Voorhis, who afterwards quitclaimed to Margaret Cotter, but these deeds were also held invalid for irregularities in the assessments on which they were based, and a mortgage given by Margaret to Van Voorhis was held to be a lien on her interest only. Since the execution of the deed by George to Margaret, Margaret has been in possession, claiming adversely as against the heirs of decedent and all other persons, and has received the rents and profits, and has paid taxes and made improvements. In 1874, by arrangement between Mr. Whiting, the committee of Arthur Stephenson, and Margaret, she, with her husband, moved on the premises, and maintained, nursed, etc., said Arthur until his death. On the trial it was stipulated that if plaintiff recovered judgment for partition Margaret's claim for services for caring for decedent should be ascertained and allowed as a lien on the premises. The above facts were found in the decision, by which a referee was appointed to take proof and report as to the rents and profits received by Margaret since the death of Arthur Stephenson, the amount paid by her for taxes, improvements, etc., the value of her services, and to ascertain the precise interests of the parties, etc. The referee, in disallowing interest on the claim of Mrs. Cotter, cited *Smith* v. *Velie*, 60 N. Y. 106. Code Civil Proc. N. Y. § 3253, provides that in certain actions named, including partition, the court may, in its discretion, award an additional allowance as therein specified; and section 1559 provides that the final judgment in partition must award that each defendant pay to plaintiff his proportion of plaintiff's costs, including the extra allowance.

*J. R. Fanning*, for plaintiffs. *J. Van Voorhis* and *M. Van Voorhis*, for Cotter.

RUMSEY, J. The motion comes up on the report of the referee to whom it was referred after interlocutory judgment to take proof and report the facts and his opinion upon several matters. Exceptions have been filed by both parties. These exceptions will be noticed, so far as they have been argued, in their order. I assume that those which are not argued have been abandoned. I shall first refer to the exceptions taken by the plaintiff. The first one of these is taken to that portion of the seventh finding of fact of the referee which is to the effect that John Cotter recovered a judgment against David Stephenson in this court in 1873 for $682.95 damages and costs; and to the first conclusion of law, that such judgment is an equitable lien on the one-sixth interest in the premises, which would have belonged to David Stephenson had he lived. David was one of the heirs at law of Arthur, the common ancestor. He died without children, and the parties to this action are his heirs at law. The judgment was recovered in 1873. There is no finding that it was docketed so as to be a lien on real estate, but I assume that it was docketed at the time of its entry. Arthur died in 1877, and at that time David, as an heir at law, succeeded to one-sixth of his real estate, and the judgment then became a lien upon his undivided interest, by virtue of the statute, for 10 years "from the time of the docketing." Code Proc. § 282. That 10 years would expire in 1883. At that time the Code of Civil Procedure was in

force, which prescribed the duration of the lien of judgments. The sections of this Code, however, apply only to judgments rendered after it became a law. Code Civil Proc. §§ 1251, 1252. This judgment, having been rendered before that time, is not affected by it. As to this judgment the lien acquired by its docketing ceased at the time of 10 years only as against subsequent incumbrances and purchasers in good faith, (2 Rev. St. p. 359, § 4,) and it continued as against the defendant and his heirs. *Ex parte Iron Co.*, 7 Cow. 540. These rules expressly apply to this judgment. Code Civil Proc. §§ 3347, subd. 8, 3349. The judgment in question was therefore a lien on David Stephenson's interest in this property in the hands of his heirs at law. But it was not an equitable lien; it was a legal lien, created by the statute, and to be enforced in the manner provided by law. The plaintiffs are therefore technically right in their exception, and the conclusion of law of the referee cannot be sustained. As, however, John Cotter is not a party to this action, there is no need that the final judgment should contain any statement whatever as to the *status* of his judgment, for any such statement would be of no force. If in fact he has any claim under his judgment, it will not be affected one way or another by the result of this action.

The exception of the plaintiffs to the twenty-second finding of fact of the referee will be considered when the amount to be allowed to Mrs. Cotter is discussed. The plaintiffs have made no further exceptions to the report.

The first question raised by the exceptions of the defendant relates to the amount due to her for her services in taking care of her father. The referee, while he has found as a fact the value of her services during the time from May, 1870, to June, 1875, has not allowed her anything for it, for the reason that compensation for such services during that time was not allowed by the interlocutory judgment. In this he was clearly right. The defendant, however, claims that such compensation for that period should have been allowed her; that it was not allowed because of a mistake in the decision or the stipulation; and that such mistake should now be corrected. I am inclined to think that it would not be proper to amend the interlocutory judgment on this hearing, even if it did not conform to the stipulation, by which alone the right to consider this claim was created in this action. But the decision and judgment did follow the stipulation, and so the referee's report was right in its conclusion as to the time during which the services were to be paid for. The next claim is that the referee erred in allowing Mrs. Cotter only eight dollars a week for her services. This was done on the theory that there was an acceptance by her of Mr. Whiting's offer to pay that sum. Before such an offer was made she had brought her father from the poor-house, and was nursing him, so that the fact that she took care of him cannot be used as a proof that she accepted Whiting's offer. She says she did not accept it. It is quite clear that the services were worth $10 a week, at least. Indeed, the referee so finds. The evidence of the price fixed for her services is so indefinite and uncertain that I think the court is justified, on all the evidence, in allowing her the value of her services in that regard. This would add to the amount to which she is entitled for services $202.57, making the value of her services $1,012.86, instead of $810.29, as found by the referee. She is not entitled to interest on this, for the reasons given by the referee. *De Witt* v. *De Witt*, 46 Hun, 258. The judgment which Mrs. Cotter recovered against the administrator of Arthur Stephenson was not evidence against these parties of anything at all. *Sharpe* v. *Freeman*, 45 N. Y. 802; *Platt* v. *Platt*, 105 N. Y. 488–496, 12 N. E. Rep. 22. The referee was right in charging Mrs. Cotter with the rental value of the land while she held it adversely to her co-tenants. In the case of *Zapp* v. *Miller*, 109 N. Y. 51–57, 15 N. E. Rep. 889, Judge PECKHAM says that the rule that the mere occupation by one tenant in common does not make him liable to his co-tenants for the rents and profits is subject to the qualification that the tenant in possession shall

not be holding adversely to them. If he does, the case cited is authority for charging him with the rents and profits. In this case, that Mrs. Cotter held adversely was found by the decision. The fact that she so held adversely was the ground for a motion to dismiss the complaint, and I find by reference to the opinion written on deciding the case that the jurisdiction of the court to hear the case because Mrs. Cotter claimed to hold adversely was discussed and decided. The defendant Margaret Cotter excepts to the fifth conclusion of law of the referee, but she does not mention the exception in the brief submitted by her counsel, and, I presume, abandons it. She excepts to the refusal of the referee to find that she is entitled to the sum laid out by her in building a new house as permanent improvements. There is nothing in the case that would make such a finding proper. The facts are that Mrs. Cotter thought she had become the sole owner of the premises, and she built a new house upon it for her own convenience, without any reference to the other owners whose rights she disputed. This new house was not necessary for the protection or preservation of the property, but only that she might the better enjoy it. There is no equity in this state of facts to warrant allowing Mrs. Cotter to improve her co-tenants out of their property. But, as there must be an actual partition, the judgment may direct the commissioners to set off to Mrs. Cotter in her two-fifths of the land the part in which the new house stands. *Town* v. *Needham,* 3 Paige, 545; *Ford* v. *Knapp,* 102 N. Y. 135–140, 6 N. E. Rep. 283. Mrs. Cotter excepts to the findings of the referee that actual partition can be had. The evidence warrants the findings. The objection that these people are insolvent is not sustained by the findings, nor by the evidence, nor is that fact, if it existed, any reason for taking their property away from them by a sale. There is but one case in which the court has power to order a sale, and that is where partition cannot be made without great prejudice to the owners. If that state of facts does not appear the court is required to direct actual partition to be made. Code Civil Proc. § 1546. The report of the referee should be modified by leaving out the conclusion of law to the effect that the judgment of John Cotter is an equitable lien on the share of said premises which belonged to David Stephenson, and the various provisions charging the different shares with their proportion of that judgment. The judgment in this action should make no mention of John Cotter's judgment. The report should further be modified by declaring that the sum due to Margaret Cotter on account of services is $750.38, instead of $547.81, as stated by the referee, and the payment of this sum should be apportioned as follows: Two-fifths by Margaret Cotter; one-fifth each by John Stephenson and Edward Stephenson; and one-twentieth each by Julia M., Carrie E., William J., and George E. Stephenson. In other respects the report should be confirmed. Commissioners should be appointed to make the partition. I do not think Mrs. Cotter should have costs. She was seriously defeated in her attempt to hold the whole of the land, which was the serious question litigated by the pleadings. She only recovers the amount stated above, because the plaintiffs stipulated to allow it, and I do not think they should pay her costs after being thus liberal with her. On all the questions raised by the pleadings the plaintiffs were successful, and they should not, therefore, be charged with the costs. *Couch* v. *Millard,* 41 Hun, 212. The plaintiffs should have their costs, and an additional allowance, under section 3253 of the Code, to be proportioned as provided by the Code. Section 1559. The judgment may also contain a provision that the costs charged against Mrs. Cotter's share may be set off so far as it will go against the amount of her claim charged against the plaintiffs' shares.