MAUD L. BROWN *et al.*, *Appellees*, V. ALICE THURSTIN (formerly Alice Pullen), *Appellant*.

No. 16,651.

SYLLABUS BY THE COURT.

1. TENANCY IN COMMON—*Liability of Occupying Tenant for Rent.* The mere occupation and use of the common property by one tenant in common does not create the relation of landlord and tenant between him and his cotenant, nor render him liable for rent.

2. ——— *Same.* Before a tenant in common will become liable to pay rent to his cotenants for the use and occupation of the common property his occupancy must be such as amounts to a denial of the right of his cotenants to occupy the premises jointly with him, or the character of the property must be such as to make such joint occupancy impossible or impracticable.

Appeal from Neosho district court. Opinion filed July 9, 1910. Reversed.

*A. S. Lapham,* and *S. W. Brewster,* for the appellant.
*W. R. Cline,* and *J. Q. Stratton,* for the appellees.

The opinion of the court was delivered by

GRAVES, J.: This is an action for rent of real estate. The property was owned and occupied by J. F. Pullen and wife. Pullen died testate, leaving his wife and nine children as his heirs at law. He owned, at the time of his death, three improved lots in the city of

Chanute. The character of the improvements does not appear. His children were all past the age of majority when he died, and were not living with him. His wife was not the mother of the children. By his will he bequeathed one lot to his wife, some personal property to five of his children, and the remainder to his wife and the appellees jointly, "share and share alike." The widow rejected the will and elected to take under the law.

The testator and his wife occupied a part of the property as a homestead during his life, and she has continued to occupy it since. On June 14, 1907, the appellees commenced this action in the district court of Neosho county to recover rent from the widow. They recovered a judgment for rent from the date of their father's death, and the widow appeals. There never has been a division or partition of the land.

The sole question in the case, as stated by counsel, is: Can one tenant in common who occupies the premises be compelled to pay rent to his cotenants who are not occupants? It is conceded that the appellant and the appellees own the property as tenants in common. As we understand the rule, each tenant has the right to occupy the premises while it is undivided, and, until divided, none of them is entitled to recover rent from one who occupies, unless such occupant excludes his cotenants from possession. (*Scantlin v. Allison,* 32 Kan. 376; 23 Cyc. 491; 17 A. & E. Encycl. of L. 692; *Hamby v. Wall,* 48 Ark. 135.) There is nothing here which shows exclusive possession on the part of the appellant or that the appellees might not occupy the property at the same time. The appellant seems to have been rightfully in possession, and until she does something to exclude her cotenants from occupancy she can not be compelled to pay rent to them. In the case last cited the court said:

"It is a well-settled principle of the common law that the mere occupation by a tenant of the entire estate does not render him liable to his cotenant for the use

and occupation of any part of the common property. The reason is easily found. The right of each to occupy the premises is one of the incidents of a tenancy in common. Neither tenant can lawfully exclude the other. The occupation of one, so long as he does not exclude the other, is but the exercise of a legal right. If for any reason one does not choose to assert the right of common enjoyment, the other is not obliged to stay out; and if the sole occupation of one could render him liable therefor to the other, his legal right to the occupation would be dependent upon the caprice or indolence of his cotenant, and this the law would not tolerate. 4 Kent's Com. *369; Freeman on Cotenancy, § 258; Evarts v. Beach, 31 Mich. 136; Israel v. Israel, 30 Md. 120; Fielder v. Childs, 72 Ala. 567; Hause v. Hause, 29 Minn. 252; Reynolds v. Wilmeth, 45 Iowa, 693; Pico v. Columbet, 12 Cal. 414; Becknel v. Becknel, 23 La. Ann. 150." (p. 137.)

This rule does not apply where one tenant receives rents and profits for the use and occupation of the premises from another.

The judgment of the district court is reversed, with directions to grant a new trial and proceed in accordance with the views herein expressed.