## UTAH OIL REFINING CO. v. LEIGH.

No. 6131.   Decided December 16, 1939.   (96 P. 2d 1100.)

Rehearing denied, February 7, 1940.

*Ball & Musser,* of Salt Lake City, for appellant.

*H. R. Waldo* and *Benjamin Spence,* both of Salt Lake City, for respondents.

LARSON, Justice.

Appellant prosecutes this appeal from a judgment entered in the District Court of Iron County. The parties to the action were the owners as cotenants of a tract of land on the southeast corner of the intersection of Main Street and First North Street in Cedar City. The property had a west frontage on Main Street of 132 feet, and a north frontage of 198 feet on First North Street. Plaintiff at the time of this action was, and for some years had been, operating as a lessee a service station on the north 40 feet of the property. In May, 1936, plaintiff commenced this action for a partition of the property. It is alleged the parties were each the owners of an undivided one-half of the property as tenants in common; that the property was susceptible of equitable partition by awarding 66 feet frontage on Main Street to each party, and prayed that the north 66 feet be allotted to plaintiff and the south 66 feet to defendant. Defendant answered admitting the allegations of the complaint but prayed that the north 66 feet be allotted to defendant and the south 66 feet be allotted to plaintiff. Early in October some evidence was taken to determine who were the owners of the property and the extent of their interests and to show the property was susceptible of fair division without a sale. About one month later and before any determination was made by the court plaintiff cut away the curbing for a distance of 26 feet on Main Street extending south from the 40-foot front it held under lease for its service

station, built concrete driveways into the property and gravelled part of this 26-foot strip adjoining the 40-foot leased portion, and displayed a sign thereon offering free parking space for cars. Plaintiff then wrote defendant a letter as follows:

"November 6, 1936

"Dr. R. W. Leigh,
  "Fort Hancock, N. J.

"Dear Sir:

"Under a misapprehension of the fact we deposited to your account in the Walker Bank & Trust Company the sum of thirty-five ($35.00) dollars, as your proportion of the rental for the month of November, 1936. We intended to inform you that you were not entitled to any rent and that from now on you may not expect to receive any consideration for our occupancy of the north sixty-six feet of the so-called Leigh corner in Cedar City, Utah.

"Under the law, and record as made, we have a right to the use of the north sixty-six feet of the property without paying for it and you have the right to exclusive use of the south sixty-six feet of the said property.

"Yours very truly,"

It was stipulated that plaintiff did or said nothing except what is set forth above to interfere with defendant's possession of the 26-foot strip.

Nothing more was done about the matter until April, 1938, when defendant by new counsel filed an amended answer in which he now alleged that a partition giving half of the area to each person would not be equitable because of a greater value per front foot of the corner portion than of the property near the middle of the block. The court appointed referees in partition who partitioned the property, allotting the plaintiff the north 44 feet and the defendant, the south 88 feet as a division equal in value. The court confirmed this action of the referees, so partitioned the property and awarded defendant judgment against plaintiff for $1,316.66 as defendant's portion of the rent due under the lease of the north forty feet, no rent having been paid since Novem-

ber 1, 1936; for the further sum of $490, being the sum of $18.75 per month from November 1, 1936, for rent of the 26-foot strip lying immediately south of the 40-foot strip; and the sum of $75 to replace the curb plaintiff had cut away from the front of the 22 feet of the 26-foot strip. Plaintiff appeals and presents four questions for our determination: 1. How much land, measured from the northwest corner along Main Street should have been awarded to plaintiff? 2. Was defendant entitled to judgment for rental of the 40-foot strip covered by the service station lease? 3. Was the court in error in giving defendant judgment for the rental value of the 26-foot strip? A. Was defendant entitled to the $75 to replace the curbing on 22 feet of the 26-foot strip? We note them in order.

1. This action was brought by plaintiff pursuant to the provisions of the statute for partition of real property between tenants in common. R. S. U. 1933, Sec. 104-58-1. The court appointed referees in partition pursuant to the provisions of Sec. 104-58-13, R. S. U. 1933, who filed a full report of their study and determination of value of the property and a division awarding the plaintiff the north 44 feet and the defendant, the south 88 feet as equal in value. No useful purpose could be served by a discussion of the figures and equations argued and developed in the briefs. They are not in conformity with evidence upon which it is sought to predicate them. We have examined the record and we find no substantial error in the rulings of the court or the proceedings and determination of the referees in partition. The proceedings were conducted in strict accord with the statutes governing partition, and we shall not disturb the judgment as to the division of the land.

2. As to the rental of the 40-foot strip covered by the service station during the period from November, 1936, to the date of the judgment. Plaintiff entered into possession of this strip under a lease by it from the owners in 1932, before plaintiff acquired any ownership in the property. That

lease was for one year but plaintiff admits that it held over under the lease as a tenant from year to year, paying the rents reserved thereby, one-half to each of the two co-owners, even after it acquired its half interest in October, 1935. As such lessee plaintiff was in absolute, unqualified, and sole possession of this property as a lessee thereof and liable for rents reserved, which it paid until November, 1936. In the stipulation of facts filed in the cause it is stipulated:

"3. That plaintiff, since November 1st, 1936, has continued to occupy and use said north 40 feet of said Lot 10 in the same manner and to the same extent that it had theretofore occupied and used the same and in the same manner and to the same extent that it and its predecessors in interest have occupied and used the same ever since their first entry thereon under the leases in evidence in this action."

It was thus admitted and stipulated that this 40-foot strip was held as a lessee in sole possession and to the dispossession of the defendant from the use, occupation, and enjoyment, except as a landlord entitled to rents. Furthermore the court found, and that finding of fact is not assailed or questioned, as follows:

"* * * that, at all times since said March 1, 1927, plaintiff and its predecessor in interest have had, and plaintiff now has, the exclusive possession of said north 40 feet of said Lot 10, and of the improvements thereon, and has continuously used the same for its sole benefit in the conduct of its business to the entire exclusion of defendant therefrom."

It follows therefore that plaintiff was liable for the rents adjudged against it as to the 40-foot strip of land. That such is the rule of law uncontrovertibly appears ■ from the authorities cited in the discussion of our next point.

3. This brings us to a consideration of the third question, as to the judgment for rental of the 26-foot strip. This land was not included with the lease. As cotenants, plaintiff and

defendant each had the right to the free and unobstructed possession and enjoyment of this land without liability for rents for the use and occupation thereof. That one cotenant is not liable to his cotenant for rents for the occupancy of the common property is elemental. See note in 27 A. L. R. p. 184ff; 39 A. L. R. 408ff. And this is true even though he uses it and derives income therefrom, as where he occupies a house, *Brown* v. *Thurstin,* 83 Kan. 125, 109 P. 784, 29 L. R. A., N. S., 238; *Kirchgassner* v. *Rodick,* 170 Mass. 543, 49 N. E. 1015; or farms a piece of land and takes the crops, *Hause* v. *Hause,* 29 Minn. 252, 13 N. W. 43; *Kennon* v. *Wright,* 70 Ala. 434; *Le Baron* v. *Babcock,* 122 N. Y. 153, 25 N. E. 253, 9 L. R. A. 625, 19 Am. St. Rep. 488; or uses it for storage purposes, *Sargent* v. *Parsons,* 12 Mass. 149; *Lyon* v. *Bursey,* 42 App. D. C. 519; *Ragan* v. *McCoy,* 29 Mo. 356, 365; as long as he does not interfere with the cotenant's right to likewise occupy, use and enjoy. There are, however, certain exceptions to this rule frequently recognized by the decisions; as where he puts the property in possession of a third person from whom he collects rents; *Sailer* v. *Sailer,* 41 N. J. Eq. 398, 5 A. 319; *O'Bryan* v. *Brown,* Tenn., Ch. App., 48 S. W. 315; *Howard* v. *Throckmorton,* 59 Cal. 79; *Holmes* v. *Best,* 58 Vt. 547, 5 A. 385; *Brayton* v. *Jackson,* 113 Neb. 40, 201 N. W. 653; or where he ousts his cotenant from possession, *McGahan* v. *Nat. Bank,* 156 U. S. 218, 15 S. Ct. 347, 39 L. Ed. 403; *Carver* v. *Fennimore,* 116 Ind. 236, 19 N. E. 103; *Sons* v. *Sons,* 157 Minn. 360, 186 N. W. 811; or where he so uses it as to necessarily exclude his cotenant, *Brown* v. *Thurstin,* supra; *Speer* v. *Shipley,* 149 Kan. 15, 85 P. 2d 999; or where he denies his cotenant's interest or right in the property and maintains an absolute right to sole and exclusive possession, *Duke* v. *Reed,* 64 Tex. 705; *Autry* v. *Reasor,* 102 Tex. 123, 108 S. W. 1162; *Zapp* v. *Miller,* 109 N. Y. 51, 15 N. E. 889; *Markum* v. *Markum,* Tex. Civ. App., 273 S. W. 296; *Todd* v. *Stewart,* 199 Iowa 821, 202 N. W. 844. Even so, the authorities are not all uniform, some courts holding that before he is liable for rents, the

cotenant must allege and prove a demand to be let into possession which was refused. *Thompson* v. *Jones,* 77 Tex. 626, 14 S. W. 222; 27 A. L. R. 208; *Tolen* v. *Tolen,* 96 N. J. Eq. 496, 497, 126 A. 211. In this cause no demand was made, but we need not determine whether or not such demand is necessary in this jurisdiction since we are satisfied that the record here does not show facts equivalent to an ouster of defendant, or any interference with his rights of coequal possession and use of the 26-foot strip. The evidence on this matter is short and we shall state it all.

In his Supplemental Answer defendant alleged that about November 1, 1936, plaintiff without defendant's knowledge or consent entered upon and took exclusive possession of the 26-foot strip, and

"ever since said time plaintiff has had and now has the exclusive possession and use not only of the said north 40 feet of the west 190 feet of said Lot 10 covered by the lease thereof given it by defendant and his then co-owner thereof as appears herein but also of the said 26 feet thereof adjoining it on the south, which it has used for parking space for cars belonging to its customers and others, for advertising displays, and for other purposes incident to, or connected with, the operation of its said service station, thus giving plaintiff since said date the exclusive possession and use of the whole north half of the west 190 feet of said Lot 10 in pursuance of its claimed right thereto as aforesaid. All of the foregoing has been done against the demands and without the consent of acquiescence of defendant * * *."

Plaintiff in its reply admitted the use of the strip of land,

"and that it did not in any manner exclude the defendant therefrom; that the use and occupancy of said land by the plaintiff did not in any manner exclude the defendant, and at all times in said Supplemental Answer and Counterclaim referred to, the defendant acquiesced in and consented to the plaintiff using and occupying such portions of said land as plaintiff did use."

Such are the pleadings with respect to the matter. There is no evidence on this matter except that covered by a stipulation of facts and consists of a letter written by plaintiff to defendant as follows:

■

"November 6, 1936

"Dr. R. W. Leigh,
"Fort Hancock, N. J.

"Dear Sir:

"Under a misapprehension of the fact we deposited to your account in the Walker Bank & Trust Company the sum of thirty-five ($35.00) dollars, as your proportion of the rental for the month of November, 1936. We intended to inform you that you were not entitled to any rent and that from now on you may not expect to receive any consideration for our occupancy of the north sixty-six feet of the so-called Leigh corner in Cedar City, Utah.

"Under the law, and record as made, we have a right to the use of the north sixty-six feet of the property without paying for it and you have the right to exclusive use of the south sixty-six feet of the said property.

"Yours very truly."

And paragraphs 5 and 8 of the stipulation, as follows:

"5. That on or shortly after November 1, 1936, plaintiff entered upon said 26 feet of Lot 10 adjoining said north 40 feet thereof on the south * * * and travelled said adjoining 26 feet, which it has since used for parking cars and other uses incident to the operation of its service station on said North 40 feet of Lot 10, the same as it had used such 26 feet prior thereto and since it commenced to operate said service station, and has displayed a sign thereon offering free parking space for cars on said 26 feet of said Lot 10.

\*   \*   \*

"8. That, other than the actions set forth above, plaintiff has done nothing to exclude or prevent defendant's joint occupancy of all of said Lot 10."

That is the whole story, pleading and evidence. Such evidence does not show an ouster of defendant from the 26-foot strip. Plaintiff merely made the surface more suitable for parking cars, invited the public to park there free, and perhaps parked a few cars there itself. It collected no rents; it did not prevent or attempt to prevent defendant from freely using the tract; it did not so use the land as to interfere with its use by defendant for any purpose or at all; it did not maintain or exercise exclu-

sive possession or control, or any use or control other than had been made and exercised by it and its predecessors in interest at the service station ever since the first lease of the north forty feet in 1927. Does the letter set forth above amount to show an ouster of defendant from the 26-foot strip? The letter in its first paragraph merely informs defendant that he is not entitled to any rents from his cotenant and he should not expect to receive any consideration for plaintiff's occupancy of the north half of the common property. As to the forty feet, we have already disposed of that matter. The mere refusal to pay rent on the 26-feet cannot be an ouster or denial of defendant's ownership or right of entry or joint possession. As shown supra, except in a limited number of instances, one cotenant is not entitled to rents from another for his use or occupation of the premises. Is there anything in the letter that denies defendant the right of joint possession or equal use of the 26-foot strip? The letter states: "Under the law, and the record as made, we have a right to the use of the north 66 feet of the property without paying for it, and you have the right to the south sixty-six feet of said property." We are not concerned here with the forty feet, so the letter is the same as though the figures sixty-six were written twenty-six. The statement is correct that under the law plaintiff "has the right to the use of this strip without paying for it." *James* v. *Anderson*, 39 N. M. 535, 51 P. 2d 601; *McWhorter* v. *McWhorter*, 99 Cal. App. 293, 278 P. 454; *Tolen* v. *Tolen*, supra.

Note the letter does not claim this right is *exclusive* even though the letter conceded defendant the *exclusive* use of the south sixty-six feet. Bear in mind that plaintiff's only *use* was to permit anyone to park cars thereon free. Such use was not inconsistent with defendant's entry or use for that or any other purpose. It may also be noted that there is no dispute or denial as to defendant's ownership or interest. The authorities hold that a tenant in common is not chargeable with rents by his cotenant for taking exclusive and sole possession of part of the property, as long

as he does not take and hold more than his just proportion. *Thompson* v. *Thompson,* 31 Ga. App. 340, 121 S. E. 586; *Roberts* v. *Roberts,* Tex. Civ. App., 278 S. W. 937.

Here it was and is agreed that the parties were each the owner of a one-half interest in the south 96 feet. (It is conceded plaintiff had the exclusive right to the north 40 feet under its lease.) Of this amount, accepting defendant's argument, plaintiff only took 26 feet and yielded up 66 feet, or plaintiff with a one-half interest used only slightly over one-fourth of the property. Both under reason and the authorities therefore plaintiff is not chargeable with rent of the 26-foot strip, and the trial court was in error in entering judgment therefor.

4. There remains but the question of the judgment for $75 to replace the curb in front of the property awarded to defendant. This curb was removed and concrete driveways installed long before the appointment of the referees in partition. Since they viewed the property and made the division thereof so as to equalize the value, we must assume that the substitution of driveways for the curbing was taken into consideration by the referees in partition in fixing the values and division line. Defendant therefore cannot recover this item.

The cause is remanded to the District Court with direction to amend and correct its judgment to conform to the views herein expressed. Costs of appeal to appellant.

MOFFAT, C. J., and McDONOUGH and PRATT, JJ., concur.

WOLFE, J., being disqualified, did not participate herein.