[L. A. No. 1345. Department Two.—August 15, 1905.]

## MARIA A. BALLERINO, Respondent, v. BARTOLO BALLERINO, Appellant.

PARTITION—ACCOUNTING BETWEEN COTENANTS—COMPENSATION—COLLECTION OF RENTS FROM HOUSES OF PROSTITUTION.—In an action for partition, where an accounting was had of rents collected by the cotenants, no compensation can be allowed for services based upon the collection of daily rents of premises known to be occupied by lewd women for purposes of prostitution.

APPEAL from a judgment of the Superior Court of Los Angeles County. Lucien Shaw, Judge.

The facts are stated in the opinion of the court.

McNutt & Hannon, for Appellant.

James Burdett, for Respondent.

LORIGAN, J.—This action was to obtain a partition of certain lands owned by the parties as tenants in common. During the pendency of the suit, and until final partition should be had, it was agreed between them that plaintiff should collect and receive the rents from certain business buildings in the city of Los Angeles, and the defendant the rents from certain tenements therein, both to render accounts to each other from time to time of their receipts and necessary disbursements in the care and management of the property. When the time for final partition arrived, the parties being unable to agree among themselves as to the settlement of their accounts, the matter was submitted to the court for determination. The account of plaintiff showed a balance of $1,002.37 in her hands, and the account of defendant showed a balance in his hands of $342.68. The rents collected by defendant aggregated a large amount, which, save this balance, had been properly disbursed for the benefit of the Los Angeles city property and other property owned by the parties as tenants in common.

In settling his accounts defendant claimed a compensation for his services in the care of the tenement property and col-

lection of the rents thereof of $150 per month, which, for
the period claimed, would amount to $1,725.. The evidence
showed that the tenements of which he had charge—some
twenty or thirty—were let from day to day to women for
temporary occupancy, and the rents thereof were collected
by him daily; that said tenements were let and used by lewd
women for purposes of prostitution, of which defendant was
at all times aware, and to which he consented; that in order
to collect such rents it was necessary that the defendant
should be present on the premises during the day and a con-
siderable portion of the night.

The court refused to allow him any compensation, holding
that he was not entitled thereto, for the reason that the pur-
poses for which the said tenements were let by him were illegal
and immoral. Thereupon the court adjudged that the account
between plaintiff and defendant should be balanced, and that
neither should recover from the other, and from that portion
of the judgment the defendant prosecutes this appeal.

The refusal of the court to allow the defendant any com-
pensation for his services in the care of the property under
his control and the collection of its rents was clearly right.
The only care he gave it was to see that it was let for the
purposes of prostitution, and that the rents due from its
inmates were daily paid.

It is declared by section 316 of the Penal Code that any
person who lets any apartment or tenement, knowing that it
is to be used for the purposes of prostitution, is guilty of a
misdemeanor.

The services for which the defendant asked the court to
award him compensation consisted in devoting the premises
under his control to persistent violations of the penal law.
His conduct in that regard was criminal—contrary to the
provisions of the Penal Code and against good morals. It is
a familiar rule of law which needs no citation of authorities
to support it that one will not be afforded the aid of either a
court of law or equity to obtain compensation for services
rendered in doing what the law expressly prohibits him from
doing. Aid will never be given by any court to a person who
bases his cause of action or claim upon illegal or immoral
acts or conduct.

The general and comprehensive rule upon this subject sup-

porting the refusal of the superior court to allow the defendant any compensation is stated by this court in *Chateau* v. *Singla,* 114 Cal. 93, [55 Am. St. Rep. 63, 45 Pac. 1015].

The judgment appealed from is affirmed.

McFarland, J., and Henshaw, J., concurred.