## HILGERS et al. v. FANNIN et al. (No. 11743.)

Court of Civil Appeals of Texas. Fort Worth. March 26, 1927.

1. Partition ⬦95—Ordering partition of land owned by seven parties into two parts held error (Rev. St. 1925, arts. 6094, 6095).

Where decree of partition decreed to three plaintiffs 24/140 each and to the four defendants named proportionate share of the remainder of 68/140, order of partition dividing land into two parts, setting aside to plaintiffs 72/140 and to defendants 68/140, held error, in view of Rev. St. 1925, arts. 6094, 6095, as not setting aside to each person portion of land belonging to him.

2. Appeal and error ⬦544(1), 719(8)—Error in partitioning land owned by seven parties into two parts held error apparent of record, cognizable on appeal, despite lack of assignments of error or statement of facts.

Error of trial court in ordering partition of land owned by seven parties into two parts only held error apparent of record, authorizing consideration thereof by reviewing court on appeal, though there were no assignments of error filed in court below and no statement of facts before reviewing court.

3. Partition ⬦95—Partition may be sustained, where several heirs agree to take jointly certain part of land.

A partition may be sustained in which several heirs agree to take jointly some certain part of the land.

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Denton County; W. S. Moore, Judge.

Action by Mrs. Mabelle Fannin and others against Eddie L. Hilgers and others. From a judgment of partition, defendants appeal. Affirmed in part; reversed and remanded in part.

Boyd & Boyd, of Denton, for appellants. Owsley & Owsley, of Denton, for appellees.

BUCK, J. [1] Frank Hilgers and Mrs. Mabelle Fannin, joined by her husband, and Mrs. Rosa Reed, joined by her husband, sued Eddie L. and George Hilgers, and James and Mat Hilgers, the latter minors, for partition of 335 acres of land in Denton county. Suit was filed August 15, 1925. B. W. Boyd, as attorney ad litem for the minor defendants, answered by prayer for judgment for the amount of the land to which the minors were entitled. No answer was filed for the other defendants. On November 12, 1925, a decree for partition was entered, decreeing to the plaintiffs $24/140$ each, or a total of $72/140$ of the value of the land in question, and to the defendants Eddie L. and George Hilgers $29/140$ each, and to the minor defendants jointly $5/140$, and to the plaintiff Mrs. Rosa Reed $5/140$ in addition to the $24/140$ hereinabove mentioned. Commissioners were appointed to partition the land so as to set apart to plaintiffs $72/140$ of the land according to value, and that the interest of each of said plaintiffs in the land so allotted to be one-third thereof, and to set apart to the defendants, Eddie L. and George Hilgers and James and Mat Hilgers the remaining portion, said portion including the $5/140$ allotted to Mrs. Rosa Reed. It will thus be seen that the partition ordered and made did not follow the statutes. Articles 6094 and 6095, Rev. St. of 1925. Article 6094 provides that:

"The commissioners shall divide the real estate to be partitioned into as may shares as there are persons entitled thereto, as determined by the court, each share to contain one or more tracts or parcels, as the commissioners may think proper, having due regard in the division to the situation, quantity and advantages of each share, so that the shares may be equal in value, as nearly as may be, in proportion to the respective interests of the parties entitled. The commissioners shall then proceed by lot to set apart to each of the parties entitled one of said shares, as determined by the decrees of the court."

Judgment was entered dividing the land into two parts, as hereinabove set out. Thus the three plaintiffs held title to one part, or $72/140$ of the value of the whole, and the four defendants and plaintiff Mrs. Reed held title to the remaining $68/140$. The court did not find that the land was not subject to partition, but in fact evidently determined that it was so subject. The court entered judgment confirming the report of the commissioners.

Eddie L. Hilgers, for himself and for those whose interest in said land he is trustee under the will of Mrs. Ann Hilgers, deceased, filed objections to the report of said commissioners, on the ground that "it does not partition the land among all the parties having an interest in it, and setting apart to each owner the particular piece of land to which he or she is entitled to by metes and bounds and valuing each piece separately." He prayed that the trial court order said commissioners to amend their report so as to comply with the order of partition and also the statutes. On the last day of the term, defendants Eddie L. and George Hilgers filed a motion for new trial, setting up and enlarging the grounds mentioned in the objections filed, and also stating that the attorney employed by them had died, and that the attorney ad litem, appointed by the court to represent the interest of the minors, was appointed special judge; that he was disqualified to try the case, and that the then presiding judge was appointed on March 16, 1926; that, owing to the illness and subsequent death of their counsel, they were not able to find the papers in the case, and for other reasons prayed for a new trial. The plaintiffs' counsel replied to this motion, and set up the fact that at least one of the defendants applying for a new trial had said theretofore that he was satisfied and would not contest the case any further, and upon several other grounds urged that the motion should be stricken from the record, which was accordingly done.

[2, 3] There are no assignments of error filed in the court below and no statement of facts before this court. Therefore appellees urge that the appellants have no standing in this court. We have concluded that there was error in the trial court's action in first ordering the partition or division of the land owned by plaintiffs and defendants into two parts only, and further in approving the report of the commissioners so dividing the land, and that this error is apparent of record. Unless the three plaintiffs should sell the $72/140$ of the land apportioned to them as a single tract, a further partition would be necessary. Likewise, unless the defendants, including the two minors and the plaintiff Mrs. Rosa Reed should sell the $68/140$ apportioned to them as a single tract, it also would have to be partitioned again. We do not think that the judgment of the court followed the statutes and set apart to each one of the heirs the portion of the land belonging to him or her. It is true that in some cases a partition may be sustained in which several heirs agree to take jointly some certain part of the land, but where some of the heirs are not satisfied with such partial partition they have the right to have the portion belonging to them partitioned separately, if it can be done, and, if it cannot be done, then the land

must be sold and the proceeds divided among them according to their interest.

Accordingly, that portion of the judgment decreeing the partition and determining the interest of the several heirs is affirmed, but that part of the judgment confirming the report of the commissioners and dividing the the land up into two parts is reversed, and the cause is remanded, with instructions to the trial court to proceed further with the case in accordance with this opinion.

Affirmed in part, and reversed and remanded in part, with instructions. ,