[Civ. No. 3786. Third Appellate District.—June 4, 1929.]

HATTIE McWHORTER, Respondent, v. MICHAEL Mc-WHORTER, Appellant.

294

Samuel J. Crawford for Appellant.

Fogel & Beman and R. S. Harrington for Respondent.

THOMPSON (R. L.), J.—This is an appeal from a decree partitioning real and personal property between joint tenants.

While the plaintiff and defendant were living together as husband and wife without the consummation of a marriage, they acquired by their joint efforts the real and personal property involved in this suit. March 16, 1921, for a valuable consideration two lots in Los Angeles, California, were conveyed to the parties to this action "as joint tenants." A dwelling-house was afterward constructed on these lots, and the cost of the house and lots was paid for out of the joint earnings of the grantees. The ordinary articles of household furniture and equipment were also acquired and jointly used by them in the same manner, a list of which is enumerated in the decree. Dissensions arose between them, and they separated November 1, 1925. Upon the trial a judgment of partition was rendered and entered decreeing that each of the parties was entitled to an undivided one-half interest in both the real and the personal property, which was ordered to be sold and the proceeds to be distributed accordingly.

The chief contention of the appellant is that the evidence fails to support the findings of the court to the effect that the plaintiff lived and cohabited with the defendant "in good faith" believing that their relationship was equivalent to what has been termed a common-law

marriage. There is a conflict of evidence in that regard, and much of the trial was devoted to this issue.

We are of the opinion that it is entirely immaterial so far as the determination of this appeal is concerned, whether they lived together in good faith as husband and wife, or otherwise. The evidence is ample to support the finding that they acquired and held the property as joint tenants. The deed to the real property expressly conveyed it to them as joint tenants. It is true that the deed did run to "Michael McWhorter and Hattie McWhorter, his wife, as joint tenants," and that plaintiff was not in fact the lawful wife of the defendant, nor was her name really McWhorter. The term "his wife," which was used in the deed was merely descriptive and surplusage.

The identity of the grantee Hattie McWhorter not being questioned, although the name was assumed without warrant, it was nevertheless a good and valid conveyance. In 9 Cal. Jur. 127, section 30, it is said: "A grant to an actual person, by a fictitious or assumed name by which he is known and passes, or which he has assumed for the occasion, is valid." (*Emery* v. *Kipp*, 154 Cal. 83 [129 Am. St. Rep. 141, 16 Ann. Cas. 792, 19 L. R. A. (N. S.) 983, 97 Pac. 17]; *Knaugh* v. *Baender*, 84 Cal. App. 142, 148 [257 Pac. 606].) Both the real and the personal property which is involved in the present action were acquired, held and used by the respective parties as joint tenants. "A joint interest is one owned by several persons in equal shares, by a title created by a single will or transfer, when expressly declared in the will or transfer to be a joint tenancy. . . . " (Sec. 683, Civ. Code.) The plaintiff was in possession of the household goods as completely as was the defendant, and the evidence amply shows that she contributed an equal share to the purchase of the goods. The question of the validity of the marriage in no way affects the character of the property or the relative rights of ownership.

After a separation of the parties, the defendant retained the exclusive possession of the dwelling-house for a brief period of time. Subject to the objection on the part of the defendant that the evidence was incompetent, it was stipulated that the rental value of the premises was $35 a month. The court also awarded plaintiff judg-

ment for $245 as her share of the rental value of the premises while defendant occupied the property exclusively. This allowance was erroneous. ■ It is a recognized rule that one tenant may not maintain an action against his cotenant who is in sole possession of the property to recover rent for the cotenant's occupancy of the property, or for profits derived from the property by means of the occupant's own labor. (7 Cal. Jur. 350, secs. 18, 19; 2 Tiffany on Landlord and Tenant, 1879, sec. 312; *Airington* v. *Airington*, 79 Okl. 243 [27 A. L. R. 182, 192 Pac. 689]; 27 A. L. R. 190 (note); *Plass* v. *Plass*, 122 Cal. 3, 11 [54 Pac. 372]; *Pico* v. *Columbet*, 12 Cal. 414, 419 [73 Am. Dec. 550].) Not even in an equitable action for accounting may one tenant maintain an action against his cotenant in the exclusive possession of the property for rents or the profits of his own labor. (*Howard* v. *Throckmorton*, 59 Cal. 79, 89.) The same rule will prevail in an action for partition between cotenants. There is an exception to the general rule, however. ■ One tenant may maintain an action requiring his cotenant to account for rents collected from their property from third persons to whom the property is leased. There is no reason why the foregoing rule applicable to cotenants should not also govern the relationship of joint tenancy. In the cases of *Goodenow* v. *Ewer*, 16 Cal. 461 [76 Am. Dec. 540], and *Ballerino* v. *Ballerino*, 147 Cal. 544 [82 Pac. 199], relied upon by respondent, the only question involved was the right of one tenant to compel his cotenant who was in possession of the property to account for the rent which was collected from third persons to whom the property was leased. In the present case the premises were not leased or rented, but, upon the contrary, were occupied by the defendant alone as his domicile. He was therefore not liable to the plaintiff for its rental value while he used it for his benefit alone.

The judgment is modified by striking therefrom the award to plaintiff of $245 as rental value of the property. As so modified the judgment is affirmed.

Plummer, J., and Finch, P. J., concurred.