[S. F. No. 13933. In Bank.—June 24, 1932.]

CHARLES TRUTALLI, Appellant, v. RITA MERAVIGLIA, Respondent.

Ernest Spagnoli and Walter F. Lynch for Appellant.

Albert J. O'Brien for Respondent.

CURTIS, J.—This appeal is taken upon the judgment-roll alone. The action was brought by plaintiff to quiet his title to certain real property situated in the city and county of San Francisco. The defendant answered, and in addition to her answer filed a cross-complaint in which she claimed to be the owner of an undivided one-half of said real property, and also the owner of an undivided one-half of another parcel of land situated in the county of Santa Clara. Each of said two parcels of real property stood upon the public records in the name of the plaintiff who claimed to be the sole owner of the same. The court made findings of fact upon which judgment was entered in favor of the defendant upon her cross-complaint. Two of these findings are as follows:

"II.

"That in the year nineteen sixteen (1916) the plaintiff and defendant, without the performance of a marriage ceremony, agreed to become and live together and assume the marital relation between themselves and the world, as husband and wife; that thereupon said plaintiff and defendant did assume said marital relation openly, publicly and notoriously, and were known to the public in general, and their friends in particular, as husband and wife, living and cohabiting together as such, and so continued until the latter part of the year nineteen twenty-seven (1927); that during said time there were born to plaintiff and defendant, as the issue of said cohabitation, two (2) children, to-wit: Alma,

a girl, of the age of twelve (12) years, and Disma, a girl, of the age of eleven (11) years.

### "III.

"That it was mutually agreed by and between the plaintiff and defendant herein, upon the making and entering into of said agreement set forth in paragraph one (1) herein, that the defendant would perform all the necessary household services, and that all monies derived by either, or both, of said parties would be paid to the plaintiff to be invested by him for the benefit of both parties from time to time; and that all property, real and personal, acquired by said plaintiff should be held by him for the joint benefit of the said parties, each having an undivided one-half (½) interest therein."

The court further found: "Finding V. That as a result of the joint efforts of plaintiff and defendant, under and by virtue of said agreement, and while they were living and cohabiting together as husband and wife, the plaintiff purchased, with funds accumulated through the joint efforts of plaintiff and defendant," the real property described in said cross-complaint.

Plaintiff now seeks to set aside this judgment in favor of the defendant on the ground that the agreement under which said parties acquired said real property was based upon an immoral consideration and is, therefore, unenforceable against either party thereto. We do not so understand the findings. The agreement to live together as husband and wife without the formality of a marriage ceremony is set forth in finding II, quoted above. The agreement to invest their separate earnings for their joint benefit and that all property so acquired should be owned by them jointly is set forth in finding III. While the court found that the parties agreed "upon the making and entering into" the agreement of cohabitation that they would invest their earnings in property to be held jointly by them, it did not find that this latter agreement was a part of, or that it was in any manner connected with, their agreement to unlawfully cohabit together. The two agreements, although made at the same time, are separate and distinct contracts, and neither is made dependent upon the other. Therefore, it cannot be said that the consideration

of the latter agreement was the unlawful cohabitation assented to in the agreement set forth in finding II. It clearly appears from finding III that the consideration of plaintiff's agreement to hold all property for their joint benefit, which was acquired by their joint efforts, was the agreement on defendant's part that all monies earned by her should be paid to plaintiff and invested by him in property in which each party was to be the owner of an undivided half. While we find no authority exactly in point, the case of *McWhorter* v. *McWhorter,* 99 Cal. App. 293 [278 Pac. 454], is somewhat similar to the present action. In that case the parties were shown to have lived together as husband and wife without having gone through a legal marriage ceremony. During their cohabitation, they acquired certain property as joint tenants. After the termination of said relationship the plaintiff, who had lived with the defendant as the latter's wife, sought a partition of their property. It was sought by the defendant to defeat her claim on proof that plaintiff knowingly entered into the improper relationship with the defendant. While the court found against defendant in that contention, it was claimed on appeal that the finding of good faith on the part of the plaintiff was not supported by the evidence. In ruling upon this point the court said (page 294): "The chief contention of the appellant is that the evidence fails to support the findings of the court to the effect that the plaintiff lived and cohabited with the defendant 'in good faith' believing that their relationship was equivalent to what has been termed a common-law marriage. . . . We are of the opinion that it is entirely immaterial so far as the determination of this appeal is concerned whether they lived together in good faith as husband and wife, or otherwise. The evidence is ample to support the finding that they acquired and held the property as joint tenants. . . . The validity of the marriage in no way affects the character of the property or the relative rights of ownership." In the present action a somewhat similar situation is before us. ▪ The fact that the parties to this action at the time they agreed to invest their earnings in property to be held jointly between them were living together in an unlawful relation, did not disqualify them from entering into a lawful agreement with each other, so long as such immoral relation

was not made a consideration of their agreement. As we have seen the findings of the court are not susceptible of such a construction.

The authorities cited by plaintiff and relied upon by him in support of his contention that the agreement upon which the defendant relies was based upon an immoral consideration, are not applicable to the facts in the present action. They simply hold, as stated by the plaintiff in his brief, "That agreeing to live and cohabit together as man and wife, without the performance of a marriage ceremony constitutes an illegal and immoral consideration for the basis of a contract, and is, therefore, a void consideration." There is no question but that this statement of law is correct, but as we have shown the facts as found by the court in this action do not bring this case within the principles of law there enunciated.

We do not think it necessary to discuss other points made by the appealing plaintiff. We have examined them with considerable care and find no merit in any of them. A discussion of them in detail would be of no advantage to anyone.

The judgment is affirmed.

Langdon, J., Preston, J., Seawell, J., Shenk, J., Waste, C. J., and Tyler, J., *pro tem.*, concurred.