[Civ. No. 15295.   Second Dist., Div. Three.   Aug. 29, 1946.]

IRENE A. McCRACKEN, Respondent, v. ROY McCRACKEN, Appellant.

Morris C. Schrager for Appellant.

George Finucane for Respondent.

DESMOND, P. J.—From a judgment in favor of plaintiff in a partition suit, defendant appeals.   He feels aggrieved because the court sustained objections to various questions which his counsel propounded, based upon allegations in his answer.   Since these questions all related to immaterial matters, we find no merit in the appeal.

Plaintiff in her complaint alleged that she and the defendant were the owners, as joint tenants, of Lot 13, Block B, Tract No. 11734, in the county of Los Angeles; that their estate in the property consisted, as to each, of an undivided one-half interest; that the premises were subject to an encumbrance in the form of a trust deed securing a note upon which the sum of $2,169.66 was due; that she had employed an attorney to file the suit which was for the common benefit of all parties; that a title report upon the real estate had been secured and was available for examination.   She prayed for a partition of the premises according to the respective rights of the parties, or if partition could not be had without material injury to those rights, then for a sale of the premises, payment of the encumbrance to be made and then division

of the remaining proceeds between the parties according to their rights after payment of costs and attorney's fees.

The defendant answering admitted that he lived in Los Angeles County; that the property, as described, was located therein, but denied generally all the other allegations of the complaint. Further answering, he alleged that all payments upon the property had been made by him and the interest therein purchased was intended to be his sole and separate property and he believed the records would show this intent and effect, but if not, he requested that a hearing be had and "if these facts be so ascertained, then the said property and all of it and all interests therein shall be so decreed to be in him solely and the property to be his sole and separate property." Continuing, he stated that he and the plaintiff had not been married, were not husband and wife, that there was no community property relationship existing between them, and any property acquired by either was separate property; that therefore the court was without jurisdiction to order a partition, division or sale of the property, "and the defendant hereby DEMURS to that part of the complaint, concurrently with the answer that presumes to state a cause of action and particularly which requests and demands a partition, division or sale." This pleading closed with a prayer that all equity in the real estate be declared the sole and separate property of the defendant and that the plaintiff take nothing.

At the opening of the trial the court heard testimony which established the trust deed as a first lien on the property. Plaintiff then introduced a grant deed dated September 25, 1939, by which grantors, Van Aalst and Hunsaker conveyed "to Roy McCracken and Irene A. McCracken, husband and wife as joint tenants the real property . . . described as Lot 13, Block B, Tract 11734." Plaintiff then rested. Defendant took the witness stand and his counsel (not now appearing for him) undertook to inquire about his relationship to the plaintiff, saying, "In your answer, Mr. McCracken, you deny that you were married to the plaintiff?" Opposing counsel objected to this line of inquiry and the court sustained the objection, saying, "What difference does that make? The property is deeded to them as joint tenants. It doesn't matter whether they are married or not. You and I could have a piece of property as joint tenants." Then, "There is only one issue in the case, and that is whether the property should be divided. I mean up to the present time, I don't know what

evidence counsel may have in mind, but up to the present time, he has shown that here is a piece of property deeded to two people as joint tenants, and either one has a right therefore, to ask for a partition. . . . That is all there is to this case, as far as I can see." Plaintiff's counsel then interposed, "I have only this, your Honor, to submit. We have in the answer that the parties are not married and that hasn't been barred out as an issue." To which the court replied, "Counsel doesn't have to demur to an answer. The Court can always determine the relevancy of matters in the pleadings." Counsel then asked defendant the specific question: "I ask you now, Mr. McCracken, if at any time you were ever married to Irene McCracken?", to which objection was made and sustained on the time-honored grounds that the inquiry was incompetent, irrelevant and immaterial, and did not tend to prove any of the issues involved in the case.

Other inquiries, no more pertinent than that cited, were ruled out by the court on the same grounds, and no additional evidence being offered the trial judge ordered a partition, "and it appearing to the court that the property is a single lot and that it cannot be physically divided . . . it will be ordered sold," proceeds to go first to the payment of the encumbrance, the balance after payment of $100 attorney's fees and costs to be divided equally between the parties.

No motion was made by defendant's counsel to amend the answer which he had filed, nor was any offer of proof tendered. It may be that in his opinion the facts of the case did not warrant further action. The attorney who succeeded him presents in his brief this statement: "It was error to refuse the appellant the opportunity of presenting testimony on his defense *as alleged in his answer* to the effect that the plaintiff acquired her interest in the property by fraud and misrepresentation." (Italics ours.)

This surprising passage does not rise to the dignity of an argument, although it is so called, for the reason that there is not a single suggestion or allegation in the pleadings that any fraud or misrepresentation was practiced upon the defendant by the plaintiff. It is true that the defendant, "Further Answering . . . says and admits that both the plaintiff and defendant lived and cohabited together without benefit of a marriage ceremony, which is the law of this state [sic]; and that notwithstanding such fact, there was not in fact or in law a legal marriage existing between the parties; that,

therefore, they were not husband and wife . . ." etc., but even if the allegations of the lamentable conditions recited were true, the most that could be said of them was that they constituted a statement that the parties were not married.

Whether they were or not was immaterial, as stated by the trial judge, and by the court in *McWhorter* v. *McWhorter* (1929), 99 Cal.App. 293, 295 [278 P. 454]. . The language in that case is appropriate here. "We are of the opinion that it is entirely immaterial so far as the determination of this appeal is concerned, whether they lived together in good faith as husband and wife, or otherwise. The evidence is ample to support the finding that they acquired and held the property as joint tenants. The deed to the  real property expressly conveyed it to them as joint tenants. It is true that the deed did run to 'Michael McWhorter and Hattie Mc-Whorter, his wife, as joint tenants,' and that plaintiff was not in fact the lawful wife of the defendant, nor was her name really McWhorter. The term 'his wife,' which was used in the deed was merely descriptive and surplusage. The identity of the grantee Hattie McWhorter not being questioned, although the name was assumed without warrant, it was nevertheless a good and valid conveyance. [Citing cases.]"

Since in the instant case the trial judge disposed correctly of all business properly before him the judgment is affirmed.

Shinn, J., and Wood, J., concurred.