## McCLELLAND v. COWDEN.

### No. 12571.

United States Court of Appeals
Fifth Circuit.

July 8, 1949.

Rehearing Denied Aug. 5, 1949.

John J. Watts, Odessa, Tex., and R. W. Hamilton, Midland, Tex., for appellant.

Robert M. Turpin, Midland, Tex. and William L. Kerr, Midland, Tex., for appellee.

Before HUTCHESON, SIBLEY and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Brought in the United States District Court for the Western District of Texas on allegations of diversity, the primary object of the suit was to have plaintiff declared a joint owner and defendant trustee for her of one-half of a ranch in New Mexico which defendant had purchased and taken title to in his own name.

In the alternative, it was for damages for fraud in the sum of $250,000.00, one-half of the declared value of the ranch, in inducing plaintiff to enter into the agreement on which she based her claim to an interest in the property, and, in the further alternative, for $40,000.00, the reasonable value of household and domestic services which had been rendered by her.

Her claim was that plaintiff was entitled to the relief she sued for under and by virtue of an oral agreement made in San Diego, California, that plaintiff and defendant, a married man, were to resume living together as they had once theretofore done, plaintiff to perform for defendant all services generally required of a wife who is married under legal ceremony, defendant in return to purchase for them both a ranch to be owned by them jointly; that defendant had purchased the ranch and plaintiff had performed the services as agreed; that defendant had had the value of each and every service that would ordinarily have been rendered under a legal marriage; that defendant, therefore, held and holds the title to the ranch in trust for the joint benefit of them both; but that on November 18, 1947, defendant ejected plaintiff, and she, for the first time, then knew that he was claiming the ranch as his own.

Her first alternative claim was that if the matters alleged did not make plaintiff and defendant joint owners and defendant a trustee for her of the ranch, then the defendant, knowingly defrauded plaintiff, and because of said fraud is liable to plaintiff for half the value of the ranch.

Her second alternative claim was that if there was no trust in the land and if she had no legal action for fraud, she was entitled to recover from the defendant the sum of $40,000.00 for the reasonable value of the household and domestic services she had rendered.

Defendant filed a motion to dismiss, and to strike, putting forward twelve grounds. Alleging that plaintiff and defendant were citizens of the same state, Texas, he moved to dismiss: (1) for want of the requisite diversity; and (2) because the suit was for land in New Mexico and the Texas court was without jurisdiction.

The motion contained the further grounds set out under many numbers, that the oral agreement on which the suit was founded was illegal, immoral and meretricious, and invalid under the Statute of Frauds, and that it was barred by limitation.

The district judge sustained all the grounds of the motion except No. 1, claiming want of diversity, struck the allegations of the petition, and dismissed the suit.

Appellant is here claiming: (1) that notwithstanding the location of the land in New Mexico, the court had jurisdiction because the suit is not one for title to the land but (a) for specific performance, or (b) to establish and declare an executed trust; and (2) that on the merits the complaint stated an enforceable cause of action either on the primary or on one of the alternative claims, and the court erred in dismissing it.

In brief and argument, however, appellant mainly urges upon us that the allegations of the petition are sufficient to show an executed trust and defendant will not,

therefore, be permitted to set up want of consideration but will be declared a trustee for her interest.

■ We agree with appellant that her suit is really not one for specific performance but one to establish and declare an executed trust, and that the court had jurisdiction of the suit. So agreeing, we find it unnecessary to consider or determine whether, in view of the equitable nature of specific performance relief and the discretion of the chancellor in granting it, if it were such a suit, the judgment would be subject to be set aside here.

■ We cannot agree with appellant, however, that her complaint makes out a case for the establishment and declaration of an executed trust. We think it clear that the provisions of the statutes of frauds in California, New Mexico, and Texas, alike, that no trust in relation to real property is valid unless created or declared by a written instrument subscribed by the trustee or by his agent, stand as a complete barrier to her suit.

The 1941 Civil Code of California, Sec. 852 provides:

"No trust in relation to real property is valid unless created or declared:

"1. By written instrument, subscribed by the trustee, or by his agent * * *."

The Statute of Frauds of New Mexico is to the same effect, while the Texas law, effective April, 1943, Art. 7425b—7, Vernon's Ann.Civ.St., provides:

" * * * A trust in relation to or consisting of real property shall be invalid, unless created, established, or declared:

"1. By written instrument subscribed by the trustor * * *".

All other questions aside, therefore, for this reason alone, her suit to establish and declare a trust cannot prevail.

■■ As to her alternative prayers for damages, we are in no doubt that the illegal, immoral and meretricious nature of the agreement on which her claim to sue primarily rests is such that a court will leave the parties where by their own conduct they have placed themselves, and will decline to grant the relief.

12 American Jurisprudence, "Contracts", Sec. 149 at page 643, states the law to be that an agreement for future illicit cohabitation is invalid and does not constitute legal consideration. Groves v. Whittenburg, Tex.Civ.App., 120 S.W.2d 870, cited by appellee, is in full support.

If this is a correct statement of the law, and we are in no doubt that it is, it is clear that appellant's complaint, viewed as a suit on an executory agreement, did not state a cause of action for the enforcement of an agreement to create a trust, for the recovery of damages for the breach of such agreement, or for the recovery of the value of services rendered by her pursuant to it.

■ This is, of course, not to say that a woman merely because she lives in an immoral relationship cannot recover for property purchased by her services and efforts, as in Trutalli v. Meraviglia, 215 Cal. 698, 12 P.2d 430, and Cluck v. Sheets et al., 141 Tex. 219, 171 S.W.2d 860, or for the value of services rendered by her for which she can sue without relying upon the illegal agreement. It is to say, however, that upon the complaint as drawn, she shows herself disentitled to any recovery or relief at law or in equity.

The judgment was right. It is affirmed.