[Civ. No. 7822.   Third Dist.   Jan. 16, 1951.]

ELMO ANDERSON, Appellant, v. ORPHA RUTH FRATIS, Respondent.

Clifford R. Lewis for Appellant.

A. G. Bailey and John A. Young for Respondent.

ADAMS, P. J.—Plaintiff brought this action seeking to have partitioned between him and defendant certain real property standing in the names of the two parties as joint tenants, and consisting of a city lot and dwelling house thereon, where the two had lived for some 13 years in a meretricious relationship. Defendant answered and filed a cross-complaint attached to which was a copy of an agreement which had been entered into between the parties after their former relationship had been permanently terminated.

That agreement, stipulated to have been duly executed by the parties, recited that they were desirous of settling all

property rights growing out of their relationship, that defendant, the party of the first part, was to have the real property in controversy, certain defense bonds held in joint tenancy were to be divided equally, defendant was to pay to plaintiff $300 out of $400 which she had drawn out of a joint bank account subsequent to their separation, and she was to pay a promissory note of $200 which plaintiff had executed and delivered to the Graeser Realty Company. Also, defendant agreed to waive any and all causes of action for an assault and battery which plaintiff had committed upon her person.

Plaintiff, answering the cross-complaint, averred "that the said illegal and immoral cohabitation of and between the parties hereto was the sole and controlling consideration for the execution of the said agreement."

At the trial of the action before the court without a jury, plaintiff's only witness was defendant, called under Code of Civil Procedure, section 2055. It was stipulated that at the time the agrement was entered into the parties had separated and had no intention of resuming their relationship. It was also shown that defendant had paid the $300 to plaintiff, and that she had paid the $200 to the Graeser Realty Company.

The trial court resolved the issues in favor of defendant and made findings in conformity with the facts aforestated, and also found that the agreement was based upon a good and valid consideration; that defendant had paid plaintiff's promissory note, returned the $300 to plaintiff, had fully and fairly performed all of the promises and conditions by her to be performed, and that such agreement and the waiver of her cause of action against plaintiff for assault and battery were good and adequate consideration for the promises of plaintiff in the agreement; and that the meretricious relationship of the parties did not enter into and was no part of the consideration for the making of the agreement relied upon by defendant.

Appellant does not contend that the findings of the court as to the payment of the note, the payment of $300 to plaintiff and the waiver of the cause of action for assault and battery are not sustained by the evidence, but he insists that the evidence does not sustain the finding that the meretricious relationship of the parties was not a consideration for the agreement. He relies upon certain statements of defendant as admissions that it was the sole consideration. We have read the record, and do not agree with appellant's construction put upon her testimony. Without quoting the testimony relied upon it is sufficient to say that it presented a question of fact

for the trial court who saw and heard the witness, and it is amply sufficient to support its finding. (*Hill* v. *Estate of Westbrook,* 95 Cal.App.2d 599, 602 [213 P.2d 727] ; *Trutalli* v. *Meraviglia,* 215 Cal. 698 [12 P.2d 430].)

The agreement in this case was entered into after the parties had severed their relationship, and no reason is shown why, under such circumstances, they could not enter into a legal contract. It was said in *Trutalli* v. *Meraviglia, supra,* at pages 701-702, that the fact that the parties to that action were living together in an unlawful relation, did not disqualify them from entering into a lawful agreement so long as such relation was not made a consideration of their agreement. Also see *Bacon* v. *Bacon,* 21 Cal.App.2d 540 [69 P.2d 884] ; 12 American Jurisprudence, section 176, page 675. ▉ The agreement on the part of respondent to waive her claim for damages for the beating given her by plaintiff is alone sufficient consideration on her part. (*Bacon* v. *Kessel,* 31 Cal.App.2d 245 [87 P.2d 857] ; *Douillard* v. *Woodd,* 20 Cal.2d 665 [128 P.2d 6] ; 17 C.J.S., § 104 (pp. 459-460; 6 Cal.Jur., § 120, p. 175; 57 A.L.R. 279.) It appears without contradiction that appellant struck respondent while she was in their automobile, that he dragged her from the car and then attempted to run over her, and that, as a result, she was rendered black and blue, her bladder was injured and she was compelled to undergo an operation in a hospital.

In *Foley* v. *Cowan,* 80 Cal.App.2d 70 [181 P.2d 410], it was held that the trial court's determination of the adequacy of consideration was a binding determination of a question of fact in an action for specific performance.

The judgment is affirmed.

Peek, J., and Van Dyke, J., concurred.