[Civ. No. 4620. Fourth Dist. Apr. 30, 1953.]

JOHN W. NEVAROV et al., Respondents, v. JACK A. NEVAROV et al., Appellants.

Joseph Scott, J. Howard Ziemann and Gordon L. McFarland for Appellants.

Franklin L. Knox, Jr. and Johnston, Baker & Palmer for Respondents.

BARNARD, P. J.—This is an action for partition of real property and for an accounting. John W. Nevarov, who will be referred to as the plaintiff, and Jack A. Nevarov, who will be referred to as the defendant, acquired 160 acres of farm land in Kern County, as tenants in common. They farmed the land as partners during the years 1944 to 1947, inclusive. The defendant lived on the land and devoted his time to the farming operations. The plaintiff lived in Los Angeles and did some work on the ranch over the weekends. The partnership ended on January 1, 1948, and thereafter the defendant continued to farm the land.

The plaintiff brought this action on May 28, 1948. In an amended complaint he alleged common ownership of the land; that the defendant had at all times been in physical possession of the property and had received rents and profits for which he had not accounted; and that each of the parties had advanced monies for the benefit of the common property. The prayer was for a partition and for an accounting. The defendant filed an answer and cross-complaint, alleging that the real property was held by the parties as tenants in common; that until January 1, 1948, they had farmed the land as a partnership; and that on January 1, 1948, the plaintiff withdrew from the partnership and thereafter the defendant was in sole possession and farmed the land as an individual operation. The prayer was for a partition of the real property, for an accounting as to the respective advances made for the benefit of the common property, and for an accounting as to the farming operations. The plaintiff answered the cross-complaint admitting the tenancy in common, and admitting the partnership in the farming operations for a portion of the time.

The court found that the parties owned the land as tenants in common; that since about April 1, 1944, they had been copartners; that the report of a public accountant, appointed by the court to make an audit of the books, was true and correct insofar as it went; that this report disclosed that a total of $12,937.63 had been contributed by the plaintiff and $21,267.26 by the defendant; that in addition thereto the

plaintiff had also contributed $2,700, thereby increasing his contribution to $15,637.63 and decreasing the contribution of the defendant to $18,567.26; that the defendant had collected $8,258.04 during 1947 on an insurance policy covering partnership cotton, for which he had not accounted; that this amount should be deducted from defendant's contribution reducing it to $10,309.22; that the defendant had agreed to pay the plaintiff one-half of $30 per acre per year as rental for his one-half of the property; that there was due to the plaintiff $9,-600 as such rental for the years 1948 to 1951, inclusive; that the amount of this rental should be added to plaintiff's contribution and deducted from the defendant's contribution, making the plaintiff's contribution $25,237.63 and the defendant's contribution $709.22; and that defendant was also entitled to $989.53 for material furnished, making his contribution $1,698.75. The court ordered the land sold and appointed a referee for that purpose. It ordered that the proceeds of the sale should be applied first to the payment of debts and expenses; that the sum of $25,237.63 should then be paid to the plaintiff and the sum of $1,698.75 to the defendant; and that the balance, if any, should be equally divided between them. Judgment was entered accordingly, and the defendants have appealed.

The case was tried without regard to whether the various contributions were made for the benefit of the land owned in common, or whether they were used in connection with the partnership farming operation. There is no dispute as to the basic figures adopted by the auditor and approved by the court showing that the plaintiff had contributed $12,937.63 and that the defendant had contributed $21,267.26. The controversy on this appeal is as to the allowance or disallowance of certain other items, and the ultimate amounts that should be paid to the respective parties before the remainder is divided on an equal basis.

The defendant first contends that the finding that these parties had been copartners "since" April 1, 1944, is unsupported by the evidence. This contention must be sustained since the evidence shows, without conflict, that the partnership ended on or about January 1, 1948, and the entire case was tried on that theory.

It is next contended that the court erred in allowing three charges against the defendant, and that these charges are not sustained by the evidence. In the first of these items, it was found that the plaintiff had given the defendant $2,700

as a further contribution to the partnership, which was not reflected in the auditor's report; that the defendant retained this money and did not put it in the partnership funds; and that this increased plaintiff's contribution to $15,637.63 and decreased that of the defendant to $18,567.26. It is argued that the evidence is insufficient to show that such a contribution was made, or to show, if it was made, that it was not placed in the partnership funds. ■ The evidence, while conflicting, is sufficient to support the finding that this money was furnished by the plaintiff. We are unable to find in the record any evidence whatsoever which would support a finding that this money was not used for partnership purposes, and the plaintiff has pointed out none. While this amount was properly added to the contribution made by the plaintiff, it was error to deduct it from the contribution made by the defendant. The auditor was asked what should be done in case this amount was allowed by the court and he correctly testified that this would increase the plaintiff's contribution, and would reduce that of the defendant only in the event that he did not use the money in the partnership business. While there was evidence that the money was paid in by the plaintiff, there was no evidence that it was not used in the partnership business.

■ The next item relates to crop insurance collected by the defendant in 1947, the last year of the partnership. The court found that the defendant, on behalf of the partnership, insured the 1947 cotton crop belonging to the partnership and collected $8,258.04 under that policy, and charged the defendant with that amount. The defendant admits that he collected and kept that amount. He contends that he took out this insurance as an individual matter, and that the plaintiff refused to have anything to do with it. This was government insurance and no premium was paid in advance, the premium being deducted from the amount due when the loss was paid. While the evidence is conflicting as to whether the plaintiff opposed the taking out of this insurance it amply supports the court's findings that it was taken out in behalf of the partnership, and that it covered the partnership's entire interest in the cotton crop and not merely the defendant's interest therein. The court erred, however, in charging the full amount received from this insurance to the defendant since he was entitled to one-half of the proceeds in any event.

■ The third item relates to the rental charged to the defendant for the use of the land during the years 1948 to

1951, inclusive, being the years after the termination of the partnership and up to the trial of the action in late 1951. The court found that the defendant agreed in writing to pay the plaintiff, as rental for his interest in the land, one-half of $30 per acre per year; that there was thus due to the plaintiff $2,400 a year for four years, making a total of $9,600; and that this amount should be added to the plaintiff's contribution and deducted from the contribution of the defendant. The defendant contends that a cause of action for such rent was not pleaded; that each tenant in common has a right to possession of the property, and is not liable to the other for rent in the absence of an agreement therefor; that the only agreement here shown was a unilateral offer made by him which was not accepted; and that this offer applied only to the year 1948. While the pleadings made no specific mention of this item, evidence was introduced on that issue and the pleadings were sufficient to justify the court, in an equity case, in deciding all matters necessary to a full accounting between these parties. ▮ It seems to be well settled that each tenant in common has a right to occupy the property, and that in the absence of an agreement one cannot collect rent from another who has exercised that right, although a different rule prevails where one cotenant received rent from a third party. (*Swartzbaugh* v. *Sampson,* 11 Cal.App.2d 451 [54 P.2d 73]; *Johns* v. *Scobie,* 12 Cal.2d 618 [86 P.2d 820, 121 A.L.R. 1404]; *McWhorter* v. *McWhorter,* 99 Cal.App. 293 [278 P. 454].) ▮ The only agreement here was a letter written by the defendant to the plaintiff early in 1948, stating that he was taking possession of the entire acreage "for farming in 1948," that he would pay the plaintiff the reasonable rental value of his one-half interest, and that $30 an acre was a reasonable rent. There was sufficient evidence that this was accepted and acquiesced in by the plaintiff. The evidence, therefore, supports the court's findings to the extent that the defendant had agreed in writing to pay $2,400 rent for the year 1948. The evidence was not sufficient to support the finding of an agreement to pay rent insofar as the subsequent three years are concerned. This action was commenced in May, 1948, while the agreement for that year was in force, the litigation was pending during the subsequent years, and the plaintiff was not entitled to sit quietly by and allow the litigation to drag on for three and one-half years and then rely on a written agreement covering one year only. Aside

from the year 1948, the established rules apply, and the result is that the defendant was erroneously charged with an additional $7,200.

The defendant also contends that the court erred in failing to find that there existed between him and the plaintiff an agreement that he should be paid a salary, and that $16,800 is due him in this connection. ■ The usual rule is that one partner is not entitled to more compensation than another in the absence of an agreement to the contrary. (*Estate of McConnell*, 6 Cal.2d 493 [58 P.2d 639]; California Corp. Code, § 15018.) The defendant testified that it had been agreed that he would receive a salary of $400 per month during the partnership. Not only was this evidence unsatisfactory in its nature, but it was directly contradicted by the evidence on behalf of the plaintiff. No more than a conflict appears in this regard, and the usual rule applies. While not controlling, it may be observed that from an equitable point of view it would seem that defendant's use of the property for three years would be ample compensation for any extra work he performed.

It is further contended that there is no evidence to support the court's finding that a house and tank house on this real property belongs to the partnership, and is attached to and is a part of the real property in question. The evidence is that the plaintiff owned another piece of land some distance away on which was an old house, and that this old house was torn down and some of the material, with other new material, was used in building the house and tank house on this property. While the defendant testified to an understanding that this house was not to be a part of the partnership or cotenancy property, and that the plaintiff was later to erect similar housing accommodation for himself on the common property, there was evidence to the contrary and also evidence that these buildings were attached to the real property in the usual manner and could not be moved without violating the usual rules applying to such cases. The defendant was allowed the value of the old materials he thus furnished. ■ While the court erred in finding that this house and tank house were partnership property, the evidence supports the finding that they were attached to and became a part of the real property owned by the parties as tenants in common, and no prejudice appears.

The defendant's final contention, that the court erred in its accounting methods, as a result of which he was improperly

charged for some of the items above mentioned, must be upheld. The evidence supports the finding that defendant's contributions amounted to a total of $22,256.79, including an allowance for the material from the old house, and that the plaintiff's contributions amounted to $15,637.63, including $2,700 not covered by the auditor's report. The evidence further shows that the defendant owed the plaintiff $4,129.02, being one-half of the amount collected on the crop insurance, and $2,400 as rent for the year 1948, a total of $6,529.02. In making an accounting between the parties this $6,529.02 should be added to the amount contributed by the plaintiff making a total of $22,166.65, and should be deducted from the amount contributed by the defendant, leaving a balance of $15,727.77. These net amounts should be paid to the respective parties instead of the amounts found by the court, before the remainder of the proceeds from the sale of the property is divided between them.

The judgment is modified by changing the provision for the disposition of the proceeds of the sale of the property so as to provide that, after the payment of the expenses and encumbrances mentioned in the judgment, there shall be paid to the plaintiff the sum of $22,166.65 and paid to the defendant the sum of $15,727.77, before the remainder is equally divided. As so modified, the judgment is affirmed. The defendant to recover costs on appeal.

Griffin, J., and Mussell, J., concurred.