Noah MELVIN, Plaintiff in Error,

v.

Hattie A. SHAW, the same person as Hattie Shaw, Roy Shaw, Mabel Shaw, the same person as Mable Shaw, Lucius Melvin, an Incompetent Person, Mary Sturgeon, William Alex Shaw, Jr., and Lawrence Melvin, if living, and if deceased, then his unknown heirs, executors, administrators, devisees, legatees, trustees, successors and assigns, immediate and remote, Defendants in Error.

No. 41236.

Supreme Court of Oklahoma.

Oct. 4, 1966.

Horsley, Epton & Culp, Wewoka, for plaintiff in error.

Bruce & Darrell, by J. J. Bruce, Oklahoma City, for defendants in error.

BLACKBIRD, Justice.

This appeal on original record involves the partition of 420 acres of land in Atoka County, that was part of the estate of William A. Shaw and Lizzie Shaw, both deceased.

After some of the defendants in error, as plaintiffs, had commenced one action to partition said land, and plaintiff in error had commenced another one, as plaintiff, the first action was abated and, upon the parties agreeing thereto, the two actions were thenceforth treated as consolidated in the latter one. About two months after this consolidation, the court found that one of the parties, Lucius Melvin, a brother of Noah Melvin, hereinafter referred to by name, or as "plaintiff", was an incompetent, and appointed a guardian ad litem for him. Though this Incompetent was among the parties named defendant in the lower court, his guardian ad litem represented him separately from the other defendants,

which we will usually refer to as the "Shaw defendants".

In April, 1964, the court entered the "Order for partition" contemplated in that part of the Chapter of our Statutes on "Partition", cited as Tit. 12 O.S.1961, sec. 1505. In said order (whose journal entry was entitled a "Judgment") the parties were decreed to have the following (undisputed) fractional interests in the subject land:

| | |
|---|---|
| Noah Melvin | 1/10 interest |
| Lucius Melvin | 1/10 interest |
| Hattie Shaw | 1/5 interest |
| Roy Shaw | 1/10 interest |
| Mabel Shaw | 1/10 interest |
| Mary Shaw nee Sturgeon | 1/5 interest |
| William Alex Shaw, Jr., | 1/5 interest. |

In said Order, the court also appointed three commissioners as prescribed in Sec. 1506, Tit. 12, supra, " * * * to make said partition and report the same to the court." Thereafter, the commissioners performed their assigned tasks, and, in May, 1964, filed their report in which they "found" that the land could *not* be partitioned in kind and certified it to have an appraised value totalling $20,500.00. A few days later, in June, 1964, plaintiff filed an election to take the land at its appraised value, but subsequently, on July 24, 1964, he filed a motion in which he stated, in substance, that he had been unable to finance a purchase of the land, and that it was not worth its appraised value. His said motion asked the court to set aside his election and "hold it for naught" and "to nullify" this extant appraisement, and order a new one.

The Shaw defendants on July 27, 1964, filed a motion requesting that the land be partitioned in kind, stating that they were willing for the plaintiff Noah Melvin and his brother Lucius Melvin to take their portion out of any part of the land, and they would accept the remaining 4/5 in common between them.

The next day, July 28th, the court entered two conflicting orders. In one of these,

he sustained the plaintiff's motion to set aside his election to take, and to nullify the land's previous appraisal; and reappointed the same commissioners " * * to appraise said land *in kind if possible,* and if not, evaluate the same." (Emphasis added).

In the other order entered that day, the court, in addition to sustaining plaintiff's motion, also sustained the Shaw defendants' motion to divide the land in kind; outlined a division confining the undivided interests of both Noah and Lucius Melvin to a particular 90 acres, described therein, by section, township, and range, and allocating the remaining 320 acres to the Shaw defendants jointly; and re-appointing the same commissioners "to appraise and divide the property in kind * * *" as therein specified.

The Commissioners filed their new report pursuant to the court's order, on September 3, 1964. In it, Noah and Lucius were allotted a particularly described 82 acres, jointly, and the Shaw defendants were jointly allotted the other particular 328 acres.

Thereafter, the Shaw defendants filed a motion for the court to approve and confirm the commissioners' said latest report; and, plaintiff filed his objections to said confirmation, coupled with a motion to set aside the last above-mentioned order on grounds reflected in his later presentations. Thereafter, the court entered its "Final Decree" sustaining the Shaw defendants' motion, over plaintiff's objections, and partitioning the property as contemplated in the Commissioners' report. In a separate order entered the same day, the court fixed the total amount of attorneys fees to be paid in the case at $922.50, and directed, among other things, that this sum be distributed between plaintiff's attorneys and defendants' attorneys in the proportions of 2/3rds and 1/3rd, respectively. After the overruling of plaintiff's motion for a new trial, in which he specifically alleged, among other grounds, that the court erred in refusing to partition his interest from

that of his brother, Lucius, plaintiff perfected the present appeal.

As we have determined that said motion should have been sustained on account of this error, alone, and that, on account thereof, the trial court's order and/or judgment overruling said motion must be reversed and this cause remanded for a new trial, it is unnecessary to discuss any other alleged error.

■ Briefly summarized, plaintiff's position is that the trial court's above mentioned "Final Decree" leaves his interest undivided from that of his brother Lucius, thereby depriving him of the complete partition to which he was entitled. The court's power to allot plaintiff's portion in common with that of his brother, Lucius, without his consent, and over his objections, pertains to a subject apparently new to this court. In Komarek v. Perrine, Okl., 382 P.2d 748, and Wolfe v. Stanford, 179 Okl. 27, 64 P.2d 335, we said:

"Generally speaking, the law favors the partition of property held by cotenants. * * * courts are adverse to any rule which compels unwilling persons to use their property in common. * * *."

The general rule is that a party to a partition action has the right to have his interest in the property allotted to him in severalty and cannot be compelled, over his objection, to accept an allotment in common with others. In 68 C.J.S. Partition, § 157, p. 262, it is said:

"In general, a party to a proceeding for partition has the right to obtain a segregated allotment to him in severalty of the property which may be found to be his, and an incomplete or partial partition, setting off his share in common with that of another or others without division between them, is ordinarily improper."

Under partition statutes, which, as to the particular point in controversy, differs from Oklahoma's in no material respect, the Supreme Court of California in Baldwin v. Foster, 157 Cal. 643, 108 P. 714 held:

"[A] party in partition suit has the right, on demand, to secure from the court a segregated allotment to him in severalty of the land which may be found to be his."

In Hilgers v. Fannin, Tex.Civ.App., 294 S.W. 341, the Texas Court said:

"We have concluded that there was error in the trial court's action in first ordering the partition or division of the land owned by plaintiffs and defendants into two parts only, and further approving the report of the commissioners so dividing the land, and that this error is apparent of record.

\*   \*   \*   \*   \*   \*

"We do not think that the judgment of the court followed the statutes and set apart to each one of the heirs the portion of the land belonging to him or her. It is true that in some cases a partition may be sustained in which several heirs agree to take jointly some certain part of the land, but where some of the heirs are not satisfied with such partial partition they have the right to have the portion belonging to them partitioned separately * * *."

See also Hyman v. Edwards, 217 N.C. 342, 7 S.E.2d 700, 702.

■ In view of the above, we are of the opinion that the trial court committed error in allocating plaintiff's interest to all of the same land, to which his brother Noah's interest was allocated, and failing to partition any certain land between them.

Immediately before concluding his reply brief, plaintiff inferentially requests this court to allow his attorneys a fee for their services in this appeal (in addition to the fee the trial court's judgment allows them for their services in that court). As we have determined that further proceedings must be conducted in the trial court, we refer plaintiff to that court for presentation of such a request in the further proceedings. In this connection, notice Clement v.

Ferguson, Okl., 287 P.2d 207, 213, and the annotations at 94 A.L.R. 575, 597.

In accord with the foregoing, the order and/or judgment of the trial court overruling plaintiff's motion for a new trial is hereby reversed, and this cause is remanded to that court with directions to vacate the same and grant the new trial.

JACKSON, V. C. J., and WILLIAMS, IRWIN, BERRY, HODGES and LAVENDER, JJ., concur.

HALLEY, C. J., dissents.