PER CURIAM.
The appellant sought to recover under two policies of insurance issued by the appellees. The trial judge was called upon to construe certain provisions of the policies. (1) In the Blue Cross Policy:
“Section I(j) ‘Hospital Service’ means * * * hospital services * * * for and during such time only as the subscriber IS NECESSARILY AN INPATIENT IN THE HOSPITAL, ifc jf: >7

“Section 111(b) * * * primarily for rest or rest cure, primarily for diagnostic purposes, * * * ”
(2) In the Blue Shield Policy:
“Section I(p) * * * an inpatient in a hospital * * * for treatment. * * ”
* * * * * *
“Section IV(b) * * * primarily for diagnostic purposes, primarily for rest or rest cure, or primarily for observation.”
The facts of the actual confinement and the expenses incurred by the plaintiff were not in dispute. The trial judge found for the defendants, and we affirm.
There is substantial, competent evidence to support the finding of the trial court, either that the plaintiff was not “necessarily an inpatient in a hospital” or that she was hospitalized “not for treatment” but was in fact hospitalized “primarily for diagnostic purposes, primarily for rest or rest cure, or primarily for observation”, which would activate the exclusions and prevent coverage.
Finding that there was substantial, competent evidence in the record to support the trial judge’s ruling, same will not be dis *132 turbed on appeal. See: LaFrance Cleaners & Dyers, Inc., v. Argenio, Fla.App.1962, 147 So.2d 330; Dade County, By and Through Bd. of County Com’rs v. Pepper, Fla.App.1964, 168 So.2d 198; Wash Bowl, Inc. v. Miami Coin-O-Wash No. 3, Inc., Fla.App.1966, 184 So.2d 674; Leeb v. Read, Fla.App.1966, 190 So.2d 830.
Therefore, the final judgment here under review is hereby affirmed.
Affirmed.
CHARLES CARROLL, J., dissents.