PER CURIAM.
Appellant seeks review of a judgment of partition and order of sale. It appears that the appellant is the owner of a one-sixth interest in certain property known as Perrine Shopping Center. The appellees own the remainder and brought the instant suit seeking to partition said property. The trial court found the property could not be physically partitioned without prejudice and ordered its partition and sale, directing a master to sell said property at a public sale for all cash above the existing mortgages.
The appellant urges, as points on appeal: (1) That the trial judge erred in not finding specifically that the property was indivisible. (2) That the plaintiffs failed to sustain the burden of proof. (3) That the trial judge erred in striking certain of the allegations of their answer, dealing with family relationship, financial position, etc. (4) That the trial judge erred in denying their motion to amend to permit a private sale. We affirm.
As to the first point, the judgment appealed clearly stated that the trial court found “the subject property cannot be partitioned without prejudice to the own *712 ers”. This finding constitutes substantial compliance with § 64.061(4), Fla.Stat., F.S.A.[1] See also: Boley v. Skinner, 38 Fla. 291, 20 So. 1017; 24 Fla.Jur., Partition, § 65; 40 Am.Jur., Partition, § 83; 68 C.J.S. Partition § 126 a.
As to the second point, it is apparent that this shopping center [which has a common private roadway] is under a covenant of common title and is operated for the common good of all the tenants; that many of the leases covering the various stores in the center limit the type of businesses that may be operated therein, and is clearly an enterprise that is indivisible. We find substantial competent evidence to support the prayer for relief. Dade County, etc. v. Pepper, Fla.App.1964, 168 So.2d 198; Miller v. Blue Cross of Florida, Inc., Fla.App.1967, 199 So.2d 131; Reserve Insurance Company v. Earle W. Day & Company, Fla.App.1968, 209 So.2d 709.
As to the third point, there was no error in the trial judge striking the allegations which went to the family relationship and financial status of the several parties. These are not matters to be considered on the right to partition. McCracken v. McCracken, 75 Cal.App.2d 872, 171 P.2d 944; Pack v. Ross, Ky.1954, 264 S.W.2d 887; Thomsen v. Thomsen, 196 Okl. 539, 166 P.2d 417, 164 A.L.R. 1426; Melvin v. Shaw, Okl. 1966, 418 P.2d 697. Whether these are matters that should be considered in determining the nature of the sale, whether private or public, is not before us at this time.
As to the last point, the failure of the trial judge to grant the motion to amend and order a private sale rather than a public sale, this motion was untimely under Rule 1.530, Florida Rules of Civil Procedure, 31 F.S.A., and no error was committed by the trial judge in failing to consider same. Miami Transit Company v. Ford, Fla.1963, 155 So.2d 360; Kippy Corporation v. Colburn, Fla.1965, 177 So.2d 193; Potetti v. Ben Lil, Inc., Fla.App.1968, 213 So.2d 270.
Therefore, for the reasons above stated, the final order of partition and sale here under review be and the same is hereby affirmed.
Affirmed.

. It was not raised on appeal and we deem it to be merely procedural or, at most, only harmless error under this record. But, there appears to be some question of whether or not, when there is a contested issue that “the property sought to be partitioned is indivisible and is not subject to partition without prejudice to the owners”, which was the situation in the instant case by the complaint and answer filed, that the trial judge should have proceeded under § 64.071, Fla.Stat., rather than § 64.061, Fla.Stat., F.S.A., as he apparently did with the consent and acquiscence of all parties.